TREDWAY v. THE SIOUX CITY & PACIFIC R. Co. ET AL.

39  663<br/>143  263

**Negligence**: ADJUDICATION: ESTOPPEL. A party in interest, who permits an adjudication to be made without moving to protect his rights until he finds it adverse to himself. in the absence of any excuse for his failure to intervene, is estopped to demand in another action that the judgment be set aside.

*Appeal from Woodbury District Court.*

SATURDAY, OCTOBER 24.

ON March 19, 1872, the plaintiff filed his petition in equity, averring that he is a tax payer, and resident in Woodbury county, and brings this action in behalf of the tax payers in said county who are numerous, and whom it is impracticable to bring before the court or join in the action. That the said

county, prior to October, 1866, was the owner of a large amount of swamp lands, worth $100,000, derived by grant from the general government; that the defendant, the railroad company, is a corporation, and was organized to construct a railroad from Sioux City, to an intersection with the Union Pacific Railroad in Nebraska, and the other defendants are the members of the Board of Supervisors for said county. That, by false and fraudulent representations by the officers of the railroad company to some of the citizens of the county, they procured a contract for the conveyance by the county to the defendant, the railroad company, all the swamp lands belonging to the county, in consideration of the agreement to construct said railroad by a certain time; the contract was made October 20, 1866, but a copy cannot be obtained to annex; that said contract was void, was against public policy, etc.; that by bribing one of the supervisors, an order for its submission to a vote of the people for adoption was obtained; that upon such submission and by means of fraudulent representations to voters, bribery, illegal voting, etc., a return of its adoption was secured, but in fact it did not receive a majority of the legal votes cast for and against it, nor was it legally or properly submitted; that the bonus received by said company from the general government for building said railroad, greatly exceeded its actual cost; that the county never received any consideration for its swamp lands; that said lands were not sold for the price, nor appropriated to the purposes, required by statute. That in 1868 the defendant, the railroad company, brought suit on the contract, in the District Court of Woodbury county, to obtain a specific performance; that before final trial, but after a defense made, it was dismissed or withdrawn by the said plaintiff therein; that afterwards, on February 26, 1872, said railroad company having brought another like suit for the same purpose, and because of a lame and impotent defense, a decree was obtained affirming the contract and ordering its specific performance; that by reason of the influence of said company and its agents, they have procured the election of a Board of Supervisors, who are willing tools in their hands to aid in accomplishing their frauds; that said

decree was obtained by the fraudulent acts and omissions of said Board of Supervisors, and the individual members thereof.

The plaintiff asks that the judgment or decree be set aside, and declared void, and that the Board of Supervisors, and the railroad company be enjoined from so disposing of said lands.

To this petition the railroad company demurred, because it did not state facts sufficient to constitute a cause of action, and states facts which avoid the cause of action, and other specific causes. This demurrer was sustained. The plaintiff appeals.

*O. C. Tredway* and *J. H. Swan, Currier & Bolton* and *Wilson & Dye*, for appellant.

*N. M. Hubbard* and *Joy & Wright* and *Isaac Cook*, for appellees.

COLE, J.—In the absence of any showing or excuse for the failure to intervene, and thereby secure the right to defend in the action by the railroad company against the county, we do not see how this plaintiff can now assert his right, even if he has any. For aught that appears this plaintiff was fully cognizant of the alleged fraudulent practices while they were being enacted; and was present and witnessed the conduct of the suits brought by the railroad company, for the specific performance. A party may not sit quietly by and allow an adjudication to be made between the proper parties, and after finding it adverse to his interest, demand that the court set aside its solemn judgment, and re-try the cause in order that he may assert the same claim in his own way. If such negligence should be sanctioned there would be no end to litigation. Whether the plaintiff alleges facts sufficient to entitle him to any relief, even if he had been diligent, we need not determine; but see, *Cornell College v. Iowa County*, 32 Iowa, 520, and cases there cited.

AFFIRMED.