ALICE B. OWENS and others v. M. W. ALEXANDER and others

*Practice--Decree--Inoperative as to one not a Party.*

One not a party to an action is not bound by any decree rendered therein; and this is so, although such person was originally a party plaintiff.

CIVIL ACTION, tried at Spring Term, 1877, of MECKLEN-BURG Superior Court, before *Cloud, J.*

This action was commenced on the 30th of October, 1871, and Stephen C. Johnston one of the defendants, was originally a plaintiff, but was allowed on motion to withdraw from the cause soon after it was instituted.

It appeared that the plaintiffs agreed to sell a certain tract of land known as the "gold mine tract" to said Johnston for $5,000 to be paid when he could get a good title, and the purpose of the original suit was to perfect that title, judgment being demanded that a decree be made requiring

the defendants to convey their interests by deed in fee to the plaintiff Alice B. Owens, or to the said Johnston upon his paying said sum of $5,000.   At Fall Term, 1873, the defendants answered the allegations in the complaint, and the case was continued from term to term, until August Special Term, 1875, when it was submitted to a jury to find certain issues, and at Spring Term, 1876, a final decree was made by *Schenck, J.* in which it was adjudged * * * "that thereupon this action was brought to set up said deed as a lost deed, and pending said action, the said agreement between the plaintiffs and said Johnston has been so modified, that title is to be made to him upon his paying the sum of $3,475, and the Court doth declare, that by virtue of the verdict herein rendered, and also the foregoing facts touching the transfer and devolution of said premises, the plaintiffs can make a good title thereto to said Johnston in fee." And it was further decreed that plaintiffs do execute a deed in fee to be delivered to said Johnston upon payment of said sum; which said sum it was decreed said Johnston should pay into the Clerk's Office, and upon which the Clerk was directed to deliver the deed.

A copy of this decree was delivered to said Johnston on the 13th of March, 1877, and His Honor upon motion of the plaintiffs ordered the case to be re-instated on the docket, and a notice to be served on Johnston to show cause why he should not perform said decree.  The plaintiffs were also granted an order for the appointment of a receiver of the property which was in the possession of said Johnston, who excepted; (1) Because said order was made in a cause to which he was not a party, and which had been determined by verdict and judgment, and (2) because said order was made without notice to him, or any attorney in fact or agent of his.

OWENS v. ALEXANDER.

*Messrs. Wilson & Son*, for plaintiffs.
*Mr. W. H. Bailey*, for defendant.

READE, J. The defendant Johnston was originally one of the plaintiffs in the cause, but at an early stage of it he was permitted to retreat. Subsequently a decree was made that upon his paying so much money, a title to the land should be made to him, of which land he is in possession. And now a notice is served on him to show cause why he should not perform the decree, and why in the meantime a receiver should not be appointed to take possession of the land and the mines thereon. To this, the defendant answers, that he was not a party in the cause at the time the decree was made, and that therefore the same is a nullity as to him.

Unquestionably this is a complete defence. A record imports absolute verity as to parties and privies, but third persons are not bound thereby. It was indeed insisted at the Bar, that it appears that it was a consent decree. Admit it; but that means the consent of those who were parties, and not of those who were not parties. It was further said that it was drawn by Johnston's counsel. That does not appear; on the contrary, the record by which we are bound shows that Johnston was not a party, and had no counsel. It may be that the plaintiffs may suffer by the carelessnesss of the record, but while it may be regretted, we cannot control it. The record controls us.

There is error.

PER CURIAM.                         Judgment reversed.