J. J. LEE, Appellant, v. THE INDEPENDENT SCHOOL
DISTRICT OF IOWA CITY, Appellee.

**Judgments:** WHEN NOT A BAR. A judgment in an action by a taxpayer to restrain a school district from paying out money under a contract for the sale of school books, made between the district and the plaintiff therein, decreeing the contract to be void, is not a bar to an action on *quantum meruit* for services and money expended in reliance upon the contract.

**Same:** PRIOR ADJUDICATION : TAXPAYER'S ACTION. An adjudication in behalf of a taxpayer against the officers of a school district decreeing an invalidity of a contract for the sale of school books

and enjoining the payment of money under the contract, while binding upon all other taxpayers of the district so far as to prevent them from bringing another action involving the right to pay claims under the contract, is not an adjudication binding upon the other parties to the contract, unless they were so related to the suit as to be bound by the result in consequence of such relation. The mere fact that such contracting parties were also taxpayers has no bearing upon the effect upon them of such prior adjudication.

**Same.** In this action it appears that a taxpayer brought suit against a school district to have certain school book contracts canceled as between the district and the plaintiff herein and his assignors, in which the contracts were held invalid and the district was enjoined from making any payments under the contracts. Neither the plaintiff herein nor his assignors were formally notified of the action or made any defense, but were called in the action as witnesses for the defendant. *Held,* that the plaintiff and his assignors, though interested in the subject matter of the contract, had no such relation to the action as to render the decree therein conclusive against them.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

FRIDAY, NOVEMBER 18, 1910.

PLAINTIFF, as surviving member of the firm of Lee & Harvat, and as assignee of the firm of Cerney & Louis, brought action to recover compensation alleged to have become due to said firms under written contracts made with them by the defendant, under which contracts defendant became bound to pay compensation to said firms for keeping and handling textbooks for use in defendant's schools furnished under alleged contracts with the publishers of such books. The allegations of the petition in this respect were met by the defendant with averments that no books were furnished by said publishers to the respective firms under any contract with defendant, and that the contracts with said firms were invalid. By way of amendment to his petition, plaintiff alleged as an additional cause of

action that said firms, relying upon representations made by the officers of defendant, rendered services and advanced money in attempting to carry out the terms of said contracts, and recovery was also asked on that ground. A demurrer to the amendment to plaintiff's petition was overruled, whereupon defendant pleaded as a defense to plaintiff's entire cause of action, including the matter alleged in the amendment to the petition, that the whole matter had been adjudicated against this plaintiff in an action brought by a taxpayer against the president and board of directors of the defendant corporation to enjoin them from paying to the firms now represented by plaintiff any sums of money under the contracts set out in the petition in this case. The plaintiff demurred to the portion of the answer setting up the defense of a prior adjudication on the ground that the record of such adjudication as pleaded by the defendant showed on its face that the former action was not between the same parties, and did not involve the same issues. This demurrer was overruled, and, plaintiff electing to stand upon his demurrer and refusing to plead further, judgment was rendered for the defendant dismissing plaintiff's action. From this judgment the plaintiff appeals.—*Reversed.*

*S. K. Stevenson* and *Milton Remley,* for appellant.

*Baker, Ball & Ball,* for appellee.

McCLAIN, J.—The nature of the former adjudication relied upon by defendant as a bar to this action and held sufficient on demurrer will be apparent by reference to the report of the case on appeal to this court. See *Ries v. Hemmer,* 127 Iowa, 408. In that case Ries, suing as taxpayer, asked that the officers of defendant be restrained from paying any money under the assumed contracts which plaintiff now sets out in his petition, and this court, holding

the contracts to be invalid, reversed the action of the lower
court in entering a decree in favor of the defendants.

I. In the former action the issues were whether the
officers of the defendant corporation could lawfully pay to
the respective firms of booksellers with whom defendant had
entered into contract relations the compensa-
tion provided for in such contracts. One
of the issues presented in the case now before
us was whether the plaintiff representing said contracting
firms could recover from the defendant, by way of quan-
tum meruit, compensation for money expended and services
rendered in reliance on such contracts. This cause of
action was held by the lower court on demurrer to be
properly pleaded, and, for the purposes of the present ap-
peal, we must assume that, if the plaintiff could prove
the facts alleged, he was entitled to recover. This issue
was plainly a wholly different issue from that determined
in the former case, which related entirely to the validity
of the contracts made between defendant and the respec-
tive firms of booksellers, whom plaintiff now represents.
We are not now called upon to decide whether in law
the allegations of plaintiff's petition, if true, entitled plain-
tiff to recover from the defendant in quantum meruit, not-
withstanding the invalidity of the contracts under which
money was expended and services were rendered by the
firms of booksellers represented by plaintiff. That question
was determined by the lower court in favor of the plaintiff,
and no appeal from the action of the court in this respect
has been taken. Under this state of the record we can
not hold that the adjudication in the former case on the
issue involved therein constituted a bar to the recovery by
plaintiff under the issues presented by the amendment to
plaintiff's petition based upon quantum meruit. It may
well be that if the firms represented by plaintiff were parties
to the former suit of *Ries v. Hemmer,* or were so con-
nected with such suit as that they could have had their

1. JUDGMENTS:
   when not
   a bar.

right to recover on quantum meruit adjudicated therein, then the adjudication was binding on them as to the issue which they might then have presented.

II. The plaintiff in the former suit was successful in securing an adjudication against the officers of this defendant that the contracts made between defendant and the firms represented by plaintiffs were invalid, and no money should be paid to said firms in pursuance of said contracts. The question now to be considered is whether the contracting firms were so related to the former suit that they were bound by the adjudication, for it is conceded that they were not in form made parties to such suit, were not notified of its pendency, and did not take charge of or control the defense. From the record in the former case it plainly appears that the defense was made by the officers of this defendant in its behalf, and that they resisted for defendant the appeal which resulted in a reversal.

2. SAME: prior adjudication: taxpayer's action.

It is contended, however, that the firms represented by plaintiff, although not formally parties to the prior adjudication, were bound thereby for two reasons: First, it is said that in the former action Ries, suing as a taxpayer, represented all the taxpayers of the school district, and an adjudication in his favor was binding upon all the taxpayers, including the members of the contracting firms. Many cases are cited in support of this contention, and of these the following may be here mentioned as typical on the proposition presented: *Cannon v. Nelson,* 83 Iowa, 242; *Clark v. Wolf,* 29 Iowa, 197; *State v. Rainey,* 74 Mo. 229; *Harmon v. Auditor of Public Accounts,* 123 Ill. 122 (13 N. E. 161, 5 Am. St. Rep. 502); *Sauls v. Freeman,* 24 Fla. 209 (4 South. 525, 12 Am. St. Rep. 190). And see note to *Henderson County v. Henderson Bridge Co.,* 116 Ky. 164 (75 S. W. 239, 105 Am. St. Rep. 213), where other cases are cited. These cases are predicated upon the thought that, where a taxpayer secures an ad-

judication in the interest of all taxpayers as to the invalidity of an alleged indebtedness of a public corporation enforcement of which would affect him and all other such taxpayers alike, the question can not again be litigated in a suit brought by another taxpayer seeking the same relief. As stated in *Cannon v. Nelson, supra,* the rule is that "A judgment against a county or its legal representatives in a matter of general interest to all the people thereof—as one respecting the levy and collecting of a tax—is binding not only on the official representative of the county named in the proceeding as defendant, but upon all citizens thereof though not made parties defendant by name." Applying that rule to this case, the adjudication in the action brought by Ries was binding upon this defendant and upon all the taxpayers of the defendant corporation with the result that no other taxpayer suing as such could maintain another action with reference to the right or duty of the defendant to pay claims founded upon the contracts in question.

But it is plain that this plaintiff is not suing as a taxpayer, and that neither he nor the firms whom he represents have now, or ever had, any claims which they were asserting as taxpayers either in their own right or in behalf of the public. Certainly it is not true that an adjudication in an action by a taxpayer against a public corporation to which an alleged creditor of the corporation is not made a party can bind such creditor as to the validity of his claim. *Town of Lyons v. Cooledge,* 89 Ill. 529. The case of *Scotland County v. Hill,* 112 U. S. 183 (5 Sup. Ct. 93, 29 L. Ed. 692), relied upon by counsel for appellee, is not in point, for in that case, involving the right of the plaintiff to recover on county bonds, it was found that there was a prior adjudication, in an action to which a holder of other bonds was expressly made a party, that such bonds were invalid, and the court therefore held that plaintiff, having acquired his bonds with notice of the pendency of the prior suit affecting their validity, could

not again litigate that question. We reach the conclusion without difficulty or doubt that the adjudication in behalf of Ries as taxpayer against the officers of the defendant determining the invalidity of the contracts in question and enjoining the payment of money by defendant under such contracts was not binding upon the other parties to such contracts, unless such parties were, in fact, so related to the suit as to be bound by the result in consequence of such relation. The fact that such contracting parties were also taxpayers even if alleged would be wholly immaterial and without bearing upon the question as to the effect upon them of such prior adjudication.

III. It may be conceded that an adjudication binds, not only the parties thereto, but others who are in privity with them. It is not necessary to enter into an elaborate discussion as to who may be deemed privy in this sense; for, under the facts of this case, privity between plaintiff and either party to the prior adjudication is clearly negatived. There was no privity of interest between this plaintiff and the plaintiff in the injunction suit for their interests were plainly and confessedly hostile. Neither was there any privity between this plaintiff and the officers of this defendant who were the defendants in the injunction suit; for, while such officers did make a defense the maintenance of which would have been to the advantage of the parties whom this plaintiff represents, they were not employed by such parties to do so, nor were they under any obligations to them in that respect. Such parties and the defendant corporation represented in that suit by its officers were mutually contracting parties, and, as to the question respecting the validity of the contracts, there was necessarily hostility of interest between them. Failure of the defendant in that suit to maintain the defense that the contracts were valid, or, indeed, failure to interpose any such defense, could not plainly be binding upon other parties to the contracts, unless

3. SAME.

they had been made parties to the litigation or had voluntarily associated themselves with the officers of this defendant in attempting to sustain the validity of the contracts.

The case is very well illustrated by those cases in which it has been held that, in a suit by stockholders against a corporation to enjoin its officers from carrying out a contract alleged to be illegal and prejudicial to the stockholders, the other party to the alleged illegal contract is a necessary party to the suit. *New Jersey Cent. R. Co. v. Mills,* 113 U. S. 249 (5 Sup. Ct. 456, 28 L. Ed. 949); *East Tennessee, etc., R. Co. v. Grayson,* 119 U. S. 240 (7 Sup. Ct. 190, 30 L. Ed. 382). Thus in *Russell v. Wakefield Waterworks Co.,* L. R. 20 Eq. Cas. 474, a suit by shareholders in an incorporated company to restrain its officers from making alleged illegal payments to the officers of another company, it was said: "If the subject matter of the suit is an agreement between the corporation acting by its directors or managers and some other corporation or some other person strangers to the corporation, it is quite proper and quite usual to make that other corporation or person a defendant to the suit, because that other corporation or person has an interest, and a great interest, in arguing the question and having it decided once for all, whether the agreement in question is really within the powers or without the powers of the corporation of which the corporator is a member. So that in these cases you must always bring before the court the other corporation." As illustrating the want of privity between the officers and one who is making a claim against the corporation which a stockholder seeks to enjoin the corporation from paying, it is pertinent to refer to the case of *Mexican Ore Co. v. Mexican, etc., Mining Co.* (C. C.) 47 Fed. 351, in which it was held that, while an injunction in such a case was binding upon an officer of the defendant corporation acting as such so that he might be punished for violating it although not made a party in name, yet, after resignation as an

officer, he might with impunity proceed to litigate his claim with the corporation.

The only actual connection which the parties represented by plaintiff are alleged to have had with the litigation between Ries and the officers of this defendant is that resulting from the fact that one of the members of each of the firms now represented by plaintiff was called as a witness and testified in behalf of the defendants in that suit in relation to the validity of the contracts involved, and that each of said witnesses was present during a part or all of the trial of said case and fully cognizant of the proceedings therein.  No cases are cited by counsel for appellee in support of the proposition that one becomes party to a suit, even though he may have an interest in the result, by appearing therein to testify as a witness at the call of one of the parties carrying on the litigation; and we venture to think that no such cases can be found. The proposition is manifestly unsound and unreasonable. Equally without support in any adjudicated case to which our attention has been called is the contention for appellee that one who is cognizant of litigation, the result of which may affect his interests, and is present at the trial, will be bound by the result.  Plainly there must be some obligation imposed upon one who is not party or privy to a suit, and who does not in fact actively maintain or defend it or take some charge or control of it, to see that the prosecution is carried on or the defense made before he will be charged with the result as binding upon him.  1 Freeman, Judgments (4th Ed.), section 189.  The case of *Tredway v. Sioux City & P. R. Co.,* 39 Iowa, 663, when considered with reference to the issues actually involved, gives no support to the contention made for appellee.  That was a case in which a taxpayer of the county asked to have set aside a decree rendered against the county in an action brought by a railroad company awarding specific performance of a contract to convey swamp land, and to have the

board of supervisors of the county enjoined from disposing of such land in accordance with the terms of the decree. The actual decision of the court was that the taxpayer was bound by the decree, and what is said in the opinion of the court with reference to the effect of a party sitting by and allowing an adjudication to be made against his interest without objection must be confined to the facts of the case. In the case before us, the plaintiff is not asserting any right as taxpayer or member of the general public, but is an individual claimant seeking to enforce obligations of the defendant corporation, and there is nothing in the circumstances of the case to indicate that he or those whom he represents were under obligation to take charge of or control the defense or that they in fact attempted to do so. They might very well have been made parties in the first suit, but, not having been in fact made parties, they were not bound to so connect themselves with the litigation that the result would be binding upon them. It is true they might perhaps have intervened and asked to join in the defense, but the right to intervene does not involve the duty to do so, and it was plainly competent for them, if they saw fit, to abstain from participation in that case, and thus preserve the right to have their claims under their alleged contracts litigated in an action brought by them or to which they were properly made parties. That the right to intervene does not in the absence of its exercise charge persons who have such right with the result of the litigation is well settled. *Dalhoff v. Coffman,* 37 Iowa, 283; *Woodward v. Jackson,* 85 Iowa, 432; *Guinn v. Iowa & St. L. R. Co.,* 125 Iowa, 301.

The action of the court in overruling the demurrer to the divisions of the answer in which defendant sought to interpose the plea of a prior adjudication and in rendering judgment for the defendant was erroneous, and the judgment is *reversed.*