BOARD OF COUNTY COMMISSIONERS OF STOKES COUNTY v. WALTER W. GEORGE.

(Filed 9 November, 1921.)

1. **Constitutional Law—Trial by Jury—Courts—Jurisdiction—Investigations—Rights Safeguarded.**

Article I, section 19, of our State Constitution, guaranteeing the right of trial by jury in "controversies at law respecting property," includes equitable and legal elements involved in the determination of the issues made by the pleadings, but it is not required that a trial by jury be had at each stage of the proceedings when this right has elsewhere therein been properly safeguarded by statute.

**2. Same—Statutes—Dogs—Damages.**

The ascertainment of damages by three disinterested freeholders, etc., caused by injury to person or property by any dog, upon satisfactory proof, etc., and the payment thereof by county commissioners from the dog taxes, with the right of the county to sue to recover the amount so paid from the owner of the dog if known or discovered, C. S., 1681, reserves to such owner the right to a trial by jury in the action of the commissioners, and does not permit recovery in excess of the sum awarded for the damages caused as ascertained under the provisions of the statute.

**3. Same—Trial—Procedure.**

C. S., 1681, ascertaining in a certain manner damages caused by the dog of another, etc., is a police regulations not estopping the defendant in the county's action from establishing any defense available to him under the pleadings, nor does it change the method of procedure as to the burden of proof, or otherwise, except that it limits recovery of the injured person, electing to proceed under this statute, to a sum not exceeding the amount thereunder ascertained.

**4. Same—Estoppel—Election—Waiver.**

In an action by the county to recover damages to the person or property sustained by the dog of another, under C. S., 1681, the reasonable cost of the services of the persons chosen to make the assessment, and paid by the county, is a part of the money paid on account of the injury or destruction caused by the dog, and defendant's exception thereto will not be sustained. *Semble*, the question of the reasonableness of this amount is a question for the jury, when aptly and properly raised and presented.

**5. Evidence—Nonexpert Witness—Sheep—Dogs—Statutes.**

Where the time that has elapsed between the death and discovery of sheep is relevant to the inquiry in the county's action against the owner of the dog to recover damages it has paid, C. S., 1681, testimony of the judgment of a nonexpert witness upon the personal observation of the carcass of the sheep, as to the length of time it had been killed, is not erroneous as the expression if a theoretical or scientific opinion.

APPEAL by defendant from *Finley, J.*, at the Spring Term, 1921, of STOKES.

Civil action tried before Finley, Judge, and a jury on appeal from a justice of the peace.

Section 1681 of Consolidated Statutes is as follows:

"The money arising under the provisions of this article shall be applied to the school funds of the county in which said tax is collected: *Provided,* it shall be the duty of the county commissioners, upon complaint made to them of injury to person or injury to or destruction of property by any dog, upon satisfactory proof of such injury or destruction, to appoint three freeholders to ascertain the amount of damages done, including necessary treatment, if any, and all reasonable expenses incurred, and upon the coming in of the report of such jury of the

damage as aforesaid, the said county commissioners shall order the same paid out of any moneys arising from the tax on dogs as provided for in this article. And in cases where the owner of such dog or dogs is known or can be ascertained, he shall reimburse the county to the amount paid out for such injury or destruction. To enforce collection of this amount the county commissioners are hereby authorized and empowered to sue for the same."

C. H. Lunsford made complaint that certain of his sheep had been killed by dogs, and the board of commissioners appointed three freeholders to ascertain the amount of his damages. These freeholders made the following report:

To the Board of County Commissioners of Stokes County, North Carolina:

Jurors appointed by the board in the above-entitled matter to make inquiry into and assess the damages of C. H. Lunsford, most respectfully report to the board:

That in obedience to the order, and after due notice to the claimant, and also to Walter George, the alleged owner of the dogs, they met at Capella, in Stokes County, North Carolina, on 31 January, 1920, and proceeded to hear the evidence offered, and find the said claimant lost four sheep killed by dogs, and had one other sheep injured, and upon the evidence we find that Walter W. George's dogs were in the sheep pasture, but no evidence that they killed the sheep, and they assess the damages sustained by the claimant at $43.

Respectfully reported this 31 January, 1920.

R. B. TUTTLE.
D. F. TILLOTSON.
J. H. COVINGTON.

.Fees for services:
    J. H. Covington_____ $4.00
    D. F. Tillotson_____ 4.00
    R. B. Tuttle_____ 4.00

In May, 1920, the plaintiff brought suit against the defendant before a justice of the peace to reimburse the county to the amount paid out on account of the sheep killed and injured. On appeal the case was tried in the Superior Court, the issue and the answer being as follows:

"Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: '$55.' "

Judgment was entered, and the defendant, having noted exceptions, appealed to this Court.

*N. O. Petree for plaintiff.*
*McMichael & Johnson for defendant.*

ADAMS, J.   The defendant's counsel denounces the validity of the statute in question on the ground that it deprives his client of rights and privileges guaranteed by the organic law.   His chief objection is based on the proposition that the statutory provision for the assessment of damages by three freeholders is an express denial of the right of trial by jury.   We do not understand the defendant's counsel to contend that the provision is in conflict with the "due process clause" of the Federal Constitution, for the Supreme Court of the United States has held that the Seventh Amendment relates only to trials in the Federal courts, and that trial by jury in suits at common law in the State courts is not a privilege or immunity of national citizenship which the states are forbidden by the Fourteenth Amendment to abridge.   *Walker v. Sauvinet,* 92 U. S., 90; *Montana Co. v. Mining Co.,* 152 U. S., 171; *Marvin v. Trout,* 199 U. S., 212.   But he insists that the statute conflicts with Art. I, sec. 19, of the Constitution of North Carolina, which is as follows: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable."   The words "controversies at law" include all civil actions in which facts, involving either legal or equitable elements, are put in issue by the pleadings, but they do not include questions of fact, or proceedings which are purely equitable. *Porter v. Armstrong,* 134 N. C., 447; *Caldwell v. Wilson,* 121 N. C., 425; *Worthy v. Shields,* 90 N. C., 192.   "Trial" refers to a dispute and issue of fact, and the expression "trial by jury," as used in the statute, does not necessarily signify that every legal controversy is to be determined by a jury.   The section under consideration guarantees to the citizen the right to have submitted to and determined by a jury every issue of fact properly and legally raised by the pleadings in a civil action.   If the statute before us were in conflict with such constitutional provision, it could not be sustained.   But it does not purport to abridge the defendant's right.   Conceding that the defendant, although duly notified, was not required to attend the hearing before the freeholders and therefore was not barred by their award, still, it does not necessarily follow that the provision for the assessment of damages is for this reason in conflict with the Constitution.   The statute is a police regulation evidently designed as between the claimant and the county to fix a limitation upon the demand of the former and upon the liability of the latter.   When the claimant invokes the aid of the statute and elects to abide by the method therein prescribed he cannot thereafter claim either from the county or from the owner of the animal any damages in excess

27—182

of the amount awarded by the freeholders. But the amount awarded the claimant is not an estoppel upon the owner of the dog. The latter's right of trial by jury is not denied, but is amply protected by the provision which empowers the commissioners to bring suit. When such suit is brought the owner of the dog may submit to the jury any issues joined upon the pleadings, and by this means preserve his constitutional right. The sentence, "He shall reimburse the county to the amount paid out for such injury or destruction," imports, not that the defendant is bound by the freeholders' award, but that the commissioners shall not in any event recover more than the amount paid to the claimant.

Upon the trial it would be incumbent upon the commissioners to show by the preponderance of the evidence that the defendant was the owner of the dog, as well as the amount of the damage; and it would be open to the defendant to rely upon failure of the plaintiff's proof and, if necessary, upon evidence offered in rebuttal. · This construction of the statute affords the owner of the dog the opportunity to present every defense he would be entitled to in case of suit brought by the owner of the injured or destroyed sheep.

The freeholders assessed the claimant's damages at $43; the fees of the freeholders were $12. His Honor instructed the jury that they might award damages "not exceeding the $43 and the $12 cost." The defendant excepted to this instruction on the ground that the statute provides for reimbursement to the extent of the amount paid by the county "for such injury or destruction," and not for cost. The expression "amount paid out for such injury or destruction," construed in connection with other provisions in the statute, imports the amount paid out on account of such injury or destruction. If the defendant had insisted on his right to have the jury find whether the cost was reasonable, we should have been inclined to sustain his exception; but his proposition is that the plaintiff as a matter of law cannot recover the cost which is properly incurred.

Testimony as to the length of time that had elapsed between the death and the discovery of the sheep was properly admitted. It was not hearsay evidence; it was an expression of the judgment or estimate of a nonexpert witness based upon personal observation of the carcass, and not an expression of a theoretical or scientific opinion, or a deduction from the testimony of others. *Ives v. Lumber Co.,* 147 N. C., 307; *Bennett v. Mfg. Co., ib.,* 621; *Britt v. R. R.,* 148 N. C., 37; *Murdock v. R. R.,* 159 N. C., 131; *Barnes v. R. R.,* 178 N. C., 268; *Hassell v. Daniels,* 180 N. C., 38.

We have examined and duly considered all the exceptions, and in the record we find no error.

No error.