STATE OF NORTH CAROLINA EX REL, THE NORTHWESTERN BANK, GUARDIAN FOR MARTHA ROBERTA CROSS, PLAINTIFFS, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK AND MARTHA THELMA CROSS, FORMER GUARDIAN, DEFENDANTS.

(Filed 12 October, 1966.)

**1. Appeal and Error § 47—**

Since relief is dependent upon the facts alleged and not the pleader's conclusion of law from such facts, the striking from the complaint of plaintiff's averment that the interest recoverable should be compounded cannot be prejudicial.

**2. Judgments § 22—**

The setting aside of a default judgment upon findings of excusable neglect and a meritorious defense will not be disturbed merely because the order was made upon unverified motion without sworn testimony when plaintiff filed no response to the motion and did not controvert the facts stated therein when the motion was argued.

**3. Guardian and Ward § 10;   Judgments § 29—**

The interest of the successor guardian in regard to the ward's right to recover for misapplications by the original guardian is adverse to the original guardian, and the successor guardian is not in privity with the prior guardian in an action involving such liability.

**4. Judgments § 29—**

Upon the sustaining of a demurrer and dismissal of the demurring party, such party is no longer a party to the action and is not bound by any judgment subsequently entered therein.

**5. Same—**

An action was instituted by the surety on the guardianship bond of the original guardian against the guardian and the successor guardian of the same ward. The demurrer of the successor guardian was allowed. Thereafter, judgment was entered that the original guardian had properly expended funds of the estate for the benefit of the ward. *Held:* The successor guardian and the ward are not bound by the judgment, and such judgment does not preclude the successor guardian from thereafter maintaining an action against the original guardian and her surety for asserted misapplication of the funds of the estate by the original guardian.

HIGGINS, J., did not participate in the consideration or decision of this appeal.

*Certiorari* to review judgment of *Copeland, S.J.,* at the 20 September 1965 Regular Session of BUNCOMBE.

Martha Roberta Cross is a minor. She was beneficiary of a policy of insurance upon her father's life. Upon his death her mother, Martha Thelma Cross, was appointed her guardian and, as such, received the proceeds of the insurance policy. Fidelity & Casualty Company of New York, hereinafter called Fidelity, is the surety

BANK v. CASUALTY CO.

on the bond of Mrs. Cross as such guardian. Mrs. Cross was removed as guardian by order of the Clerk on 14 September 1962, and the Northwestern Bank, hereinafter called the Bank, was appointed as her successor. As guardian, the Bank, on 7 December 1963, instituted this action against Mrs. Cross and Fidelity to recover from her, as guardian, and from Fidelity, as surety on her bond, $4,693.90, alleged to be due the Bank, as guardian, by reason of mismanagement, misuse, misappropriation and dissipation of the estate of the minor by Mrs. Cross while guardian.

The defendants filed answers denying such mismanagement, misappropriation and misuse. Each alleges that Mrs. Cross, while guardian, expended all of the funds of the estate, with the exception of a nominal amount, which she paid over to the Bank when it became guardian, for the support and maintenance of the minor and that such expenditures were proper. Each answer also contains a plea in bar of the right of the Bank to maintain this action by reason of a prior judgment entered by Clarkson, J., in a proceeding in the Superior Court of Buncombe County, originally entitled *"Fidelity & Casualty Company of New York, Plaintiff, vs. Martha Thelma Cross and the Northwestern Bank as Guardian for Martha Roberta Cross, Defendant."*

The matter was heard by Copeland, J., solely upon the defendants' pleas in bar. At that hearing the defendants introduced in evidence, over objection, the record in the former proceeding, which showed:

(1) Fidelity's complaint therein alleged that Mrs. Cross had been removed as guardian and the Bank appointed as her successor; that Mrs. Cross had filed her final account with the clerk, who had disallowed all claimed disbursements; that Fidelity, as surety, was in danger of sustaining loss and was entitled to relief in accordance with G.S. 33-17 and G.S. 33-42, and that all disbursements by Mrs. Cross were proper. It prayed that a hearing be had to determine whether Fidelity was entitled to credit for money "necessarily expended" by Mrs. Cross for the education and maintenance of the ward, and that Mrs. Cross indemnify Fidelity against loss.

(2) The answer of Mrs. Cross admitted the allegations of Fidelity's complaint. Attached to her answer was a "final account," listing certain expenditures and stating, "The remaining $3,581.81 was expended by the Guardian for the support and maintenance of the minor Ward in the home."

(3) The Bank filed a demurrer to Fidelity's complaint for failure to state a cause of action against the Bank.

(4)　The demurrer was sustained and thereafter an order was entered dismissing the proceeding as to the Bank.

(5)　Subsequent to the dismissal of the proceeding as against the Bank, Mrs. Cross filed an amendment to her answer, alleging that all moneys coming into her hands as guardian had been expended by her for the use and necessary expenses of the minor ward and that she, Mrs. Cross, was not indebted in any amount either to Fidelity or to the Bank. She prayed that neither the plaintiff nor the Bank have or recover anything of her.

(6)　The proceeding then came on to be heard before Clarkson, J., Fidelity and Mrs. Cross waiving a jury trial. The Bank was not represented and did not participate in the hearing. The court heard testimony by Mrs. Cross, by Mrs. Cassada, an older daughter, and by the minor ward, who was called as a witness on behalf of her mother. The minor, then seventeen years of age, was not made a party to the proceeding, nor was she represented by counsel. No guardian *ad litem* was appointed for her. She testified, in substance, that her mother was "generous" with her and "bought nothing for herself." Judge Clarkson found that Mrs. Cross, while guardian, had expended the whole of the funds of the ward's estate in good faith, solely for the benefit of the ward and not for herself. He thereupon concluded and ordered that the accounting of Mrs. Cross should be and was approved, and adjudged that Mrs. Cross and Fidelity be "forever discharged and acquitted from any liability" by virtue of the guardianship and bond.

Upon this evidence, Copeland, J., found as a fact that such proceedings were had in the former matter and concluded that the Bank, as successor guardian, had full notice and knowledge of the former proceeding so instituted by Fidelity; that Clarkson, J., had therein "jurisdiction of the subject matter of this controversy, namely, the estate of the minor, Martha Roberta Cross, and of the parties thereto in a proper proceeding before the Court." He further concluded:

"4.　That the Findings of Fact, Conclusions of Law and Judgment entered on September 17, 1964, in the action entitled, *'Fidelity and Casualty Company of New York vs. Martha Thelma Cross and the Northwestern Bank as Guardian for Martha Roberta Cross'* are binding and conclusive upon the parties hereto."

Copeland, J., thereupon entered judgment sustaining the pleas in bar in the present action and dismissing the action.

The Bank gave due notice of appeal to this Court. Subsequently, this Court allowed the motion by Fidelity, pursuant to Rule 17, to docket and dismiss the said appeal for the failure of the appellant to docket it within the time allowed by the Rules of this Court. Thereupon, the Bank filed its petition for writ of *certiorari,* which was allowed.

*Joseph C. Reynolds for plaintiffs.*
*Uzzell and Dumont for Fidelity and Casualty Company of New York, defendant.*
*George Pennell for Martha Thelma Cross, defendant.*

LAKE, J. The motion of the appellees to dismiss the present appeal for the failure of the appellant to forward to the appellees copies of its brief, as required by the Rules of this Court, is denied. The alternative motion of the appellees for an extension of time for the filing of their own brief is allowed.

The appellant assigns as error an interlocutory order by Patton, J., at the February 1964 Session striking from the complaint paragraph 13, reading:

> "That there is due the plaintiff by the defendant, in addi-
> tion to the amount in the preceding paragraph, compound in-
> terest on said principal, due from the 11th day of November,
> 1960 until the final settlement of this action."

and also striking from the prayer for relief the word "compound" preceding the word "interest."

The stricken paragraph stated a mere conclusion without sup-porting factual allegations. It was, therefore, not error to strike it from the complaint. *Pinnix v. Toomey,* 242 N.C. 358, 87 S.E. 2d 893. Furthermore, such ruling was not prejudicial to the plaintiff since paragraph 14, alleging that "under the terms of the bond * * * set forth in Exhibit A, the plaintiff is entitled to recover * * * $4,693.90 and compound interest," was not stricken.

The striking of the word "compound" from the prayer for re-lief, so that it is now a prayer that the plaintiff "recover of the de-fendant * * * $4,693.90 with interest thereon," was not preju-dicial to the plaintiff. Relief will be granted to the extent warranted by the allegations in the complaint and by the proof. *Board of Edu-cation v. Board of Education,* 259 N.C. 280, 130 S.E. 2d 408. We do not now have before us the question of what relief the plaintiff is entitled to have. The action has not yet been tried on its merits.

The appellant also assigns as error another interlocutory order entered by Martin, J., at the March 1965 Session, vacating a judg-

ment by default against the defendant Martha Thelma Cross and permitting her to file an answer, which she did. This order recites that "the Court having heard arguments of Counsel, * * * makes the following Findings of Fact." These include a finding to the effect that the failure to file the answer within the time allowed was due to excusable neglect on the part of the attorney representing Mrs. Cross, which was not attributable to her, and a finding that her attorney states that she has a meritorious defense in that she expended all of the funds for the exclusive education, maintenance and support of the minor. The appellant contends that it was error to enter the order because the motion was not verified and no sworn testimony was introduced. However, the record does not indicate that the plaintiff filed any response to the motion, or controverted the facts as stated therein when arguing the matter before Martin, J. Upon this record, we are unable to find error in the order.

We come now to the judgment of Copeland, J., sustaining the pleas in bar and dismissing the action. Its validity depends upon whether the plaintiff, or its ward, is bound by the judgment of Clarkson, J., in the former action instituted by Fidelity.

We are not here concerned with the validity and effect of the judgment of Clarkson, J., as between Fidelity and Mrs. Cross and we do not now decide that question.

Similarly, it is not necessary to decide upon this appeal whether G.S. 33-17 and G.S. 33-42, upon which Fidelity relied as the basis for its proceeding, entitle the surety upon the bond of a guardian, who has already been removed from the guardianship, to institute a proceeding to require such former guardian to indemnify the surety against apprehended loss and to obtain therein a judicial determination of the propriety, or lack of propriety, of expenditures made by such former guardian prior to removal.

The question presented by this appeal is whether such a determination in a proceeding between the surety and the former guardian is conclusive as against a successor guardian and the ward, neither of whom was a party to that proceeding when the adjudication was made. The answer to that question is "No."

In *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167, Devin, C.J., speaking for the Court, said at page 689:

"Estoppel by judgment operates only on parties and their privies. It is a maxim of law that no person shall be affected by any judicial investigation to which he is not a party, unless his relation to some of the parties was such as to make him responsible for the final result of the litigation. An adjudication affects only those who are parties to the judgment and their

privies, and gives no rights to or against third parties. 1 Freeman on Judgments, sec. 407. Privies are 'persons connected together or having a mutual interest in the same action or thing, by some relation other than that of actual contract between them.' Black's Law Dictionary. 'To make a man a privy to an action, he must have acquired an interest in the subject-matter of the action, either by inheritance, succession, or purchase of a party subsequent to the action, or he must hold the property subordinately.' Ballentine's Law Dictionary. 'Any of those persons having mutual or successive relationship to the same right of property.' Webster."

To the same effect, see: *Bullock v. Crouch*, 243 N.C. 40, 89 S.E. 2d 749; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269, 11 A.L.R. 2d 221; *Rabil v. Farris*, 213 N.C. 414, 196 S.E. 321, 116 A.L.R. 1083; 30A Am. Jur., Judgments, § 393.

The plaintiff, though successor to Mrs. Cross as guardian of the minor, is not in privity with Mrs. Cross in respect to the proceeding instituted by Fidelity. That proceeding was instituted after Mrs. Cross had been removed from the guardianship and the plaintiff appointed. The interest of the plaintiff with respect to the matters involved is adverse to the interest of Mrs. Cross, not derived from her as her transferee.

It is not necessary for us now to determine whether the judgment of Patton, J., in the former proceeding, sustaining the demurrer of the Bank, and the resulting dismissal of that action as against the Bank were proper. It is sufficient, for the purpose of this appeal, that such judgment was, in fact, entered and the Bank was dismissed as a party to that proceeding. It is immaterial, for the purposes of this appeal, whether the Bank was or was not a proper, or even a necessary, party to the former proceeding instituted by Fidelity, or that its dismissal therefrom was upon its own motion. Be that as it may, the fact remains that, at the time Clarkson, J., entered his judgment in the former proceeding, neither the Bank nor its ward was a party thereto.

The right to become a party to an action does not, in the absence of its exercise, cause one to be bound by a judgment entered therein. *Western Union Telegraph Co. v. Foster*, 247 U.S. 105, 38 S. Ct. 438, 62 L. ed. 1006; *Tutt v. Smith*, 201 Iowa 107, 204 N.W. 294, 48 A.L.R. 394; *O'Hara v. Pittston Co.*, 186 Va. 325, 42 S.E. 2d 269, 174 A.L.R. 945; 30A Am. Jur., Judgments, § 394; 1 Freeman on Judgments, 5th ed., § 411. That one, who might have participated in the former action and there asserted his rights, knew that such action was pending does not make the judgment rendered therein

conclusive as to him. *O'Hara v. Pittston Co., supra.* Even though he was once a party to the action and was permitted to withdraw therefrom, or was dismissed therefrom on his own motion, he is not bound by a judgment entered therein after he ceased to be a party to it.

In *Owens v. Alexander,* 78 N.C. 1, Reade, J., speaking for the Court, said:

> "The defendant Johnston was originally one of the plaintiffs in the cause, but at an early stage of it he was permitted to retreat. Subsequently a decree was made that upon his paying so much money a title to the land should be made to him, of which land he is in possession. And now a notice is served on him to show cause why he should not perform the decree, and why in the meantime a receiver should not be appointed to take possession of the land and the mines thereon. To this the defendant answers that he was not a party in the cause at the time the decree was made, and that therefore the same is a nullity as to him. Unquestionably this is a complete defense."

In *Babcock v. Standish,* 53 N.J. Eq. 376, the Court said:

> "[A]lthough she [the party claimed to be estopped by a judgment] was originally made a party to that suit she was dismissed therefrom. She was not bound by the decree, and its adjudications on the essential facts do not estop her from contesting them and requiring other proof. If she was a proper party in that cause, Standish could have appealed from the order dismissing her therefrom, and by its reversal would have bound her by the decree. But after dismissal, the decree was as ineffective against her as if she had not been originally a party to the suit."

To the same effect, see: *Holt Mfg. Co. v. Collins,* 154 Cal. 265, 97 P. 516, 519; *Miller v. Miller,* 263 Ill. 18, 104 N.E. 1078.

In 1 Freeman on Judgments, 5th ed., § 412, it is said:

> "The fact that a person was a party to an action in its earlier stages does not bind him by the judgment, unless he was also a party when it was rendered. If he, by permission of the court, withdraws from the action or is dismissed from it, so that he is no longer a party, then the power of the court over him terminates, and a judgment subsequently entered cannot affect his interests, though he may be bound by it as to his codefendants, whom he was bound to indemnify. Persons as to whom a nonsuit was granted before a judgment on the merits was rendered are not concluded by it; neither can they claim the benefit of it."

Thus, when Patton, J., sustained the demurrer of the Bank in the proceeding instituted by Fidelity and the Bank was dismissed from that proceeding, the Bank became a stranger to it and could not be bound by any judgment subsequently entered therein.

The fact that the ward testified in the former proceeding as a witness for her mother, the former guardian, would not make the judgment therein a conclusive determination of the rights of the ward, or of those of her present guardian. Even an adult witness is not, for that reason, bound by a judgment in an action to which he or she was not a party. *Lee v. School District,* 149 Iowa 345, 128 N.W. 533; *Wright v. Andrews,* 130 Mass. 149; *Fowler v. Blount,* 191 Mich. 575, 158 N.W. 114; 1 Freeman on Judgments, 5th ed., §§ 410 and 434. Obviously, a minor, called as a witness in a proceeding to which she was not a party and in which she was not represented by a general guardian, a guardian *ad litem* or a next friend, should not be precluded by a judgment entered therein. It is to be noted that the testimony of the minor in the former proceeding was simply to the effect that her mother had been "generous" with her and had not used her funds for the mother's own benefit. This is not even an admission that the expenditures made by the mother were proper expenditures for a guardian.

We do not, of course, suggest that there was collusion between Fidelity and Mrs. Cross in the former action, but to hold that the successor guardian and its ward are bound by the decree entered therein, at a time when neither was a party to that action, would expose estates of minors to the danger of collusive actions. The interests of the guardian alleged to be in default and of that guardian's surety are identical insofar as a determination that there has been no default is concerned.

Since the Bank was not a party to the proceeding instituted by Fidelity at the time of the entry of the judgment of Clarkson, J., that judgment is not binding upon the Bank and the doctrine of *res judicata* has no application. Consequently, it was error to sustain the pleas in bar and to dismiss the present action. The Bank, on behalf of its ward, is entitled to its day in court and to an opportunity to establish its right, if any, to recover of Mrs. Cross and the surety on her bond.

Reversed.

HIGGINS, J., did not participate in the consideration or decision of this appeal.