IN THE MATTER OF TED HEATH, BY AND THROUGH HIS FATHER, DONALD HEATH, PLAINTIFF v. BOARD OF COMMISSIONERS OF GUILFORD COUNTY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. LLOYD S. FREEMAN, THIRD-PARTY DEFENDANT

No. 7818SC356

(Filed 6 March 1979)

1. **Animals § 4; Indemnity § 3— dog bite—liability of county—county's action against owner—showing required for indemnification**

    In an action to recover from defendant board of county commissioners for injuries inflicted by a dog where the board of commissioners sought to recover from the dog owner the amount it had paid to claimant, the trial court properly denied the board's motion for partial summary judgment, since the only fact established by the board was that the third party defendant was the owner of the dog which allegedly inflicted the injuries, but there were material issues of fact remaining as to whether third party defendant's dog was the one which actually inflicted the injuries upon claimant, whether the county had paid the claim, and what amount of damages the county was entitled to recover from the dog owner.

2. **Animals § 4; Rules of Civil Procedure § 14— dog bite—payment for injuries by county—recovery against dog owner—amount determined by jury**

    In an action to recover from defendant board of county commissioners for injuries inflicted by a dog where the board of commissioners sought to recover from the dog owner the amount it had paid to claimant, neither G.S. 67-13 nor G.S. 1A-1, Rule 14(a) made the dog owner automatically liable for the amount of damages awarded claimant in the first action, and the dog owner was entitled to have the jury determine the amount of his liability, since the dog owner was dismissed from the first action and therefore was not bound by a judgment entered after he ceased to be a party, and since G.S. 67-13 required, not that the owner pay the county the amount of the claimant's award, but that the county recover no more than the amount paid to claimant.

3. **Evidence § 22.1; Indemnity § 3.2— judgment in earlier proceeding—exclusion of evidence proper**

    Where claimant obtained a judgment against defendant board of county commissioners for injuries inflicted by a dog, and the county then sought to recover that amount from the dog owner, the trial court properly granted the dog owner's motion in limine for an order preventing the county and its witnesses from making reference in the jury's presence to the judgment previously entered for claimant against the county, since the judgment and award in the earlier action were irrelevant to the issue of the dog owner's liability to the county.

4. **Trial § 3.1— continuance—denial of motion proper**

    The trial court did not err in denying the motion for a continuance made by the county board of commissioners prior to trial since the case was not tried until nearly nine months after it was remanded for further proceedings,

no objection to the calendaring of the case for trial was made by the county, the grounds for the motion were that one of the county's witnesses would be unavailable at trial, and the parties stipulated that his testimony from the earlier trial could be read into the evidence.

APPEAL by defendant, third-party plaintiff, Board of Commissioners from *Crissman, Judge.* Judgment entered 10 January 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 30 January 1979.

This action was originated by plaintiff Ted Heath against the Guilford County Board of Commissioners pursuant to G.S. § 67-13 [repealed effective 1 February 1974] for injuries suffered from a dog bite. The County pursuant to G.S. § 1A-1, Rule 14 as third-party plaintiff, impleaded the owner of the dog, Lloyd S. Freeman. The action against Freeman, however, was dismissed by Judge Crissman prior to the trial of the case, which resulted in a verdict and judgment against the County of $5,000. The North Carolina Supreme Court, in *Heath v. Board of Commissioners,* 292 N.C. 369, 233 S.E. 2d 889 (1977), affirmed the judgment in favor of Heath against the County, but reversed the dismissal of Freeman and remanded for further proceedings. Prior to the second trial, the County, pursuant to Rule 56(d) moved for partial summary judgment. On 3 October 1977, an Order was entered denying this motion. On 19 December 1977, the third-party defendant, pursuant to Rule 16, made a motion in limine for an Order preventing the third-party plaintiff and its witnesses from making reference in the presence of the jury to the judgment previously entered in the case against the County. On 3 January 1978, an Order was entered granting this motion. The following issues were submitted to the jury and answered by it as indicated below:

I. Was Ted Heath injured by a dog on May 6, 1973 in Guilford County, North Carolina?

ANSWER: Yes.

II. If so, did that dog belong to Lloyd Freeman?

ANSWER: Yes.

III. If so, what amount, if any, is the Guilford County Board of Commissioners entitled to recover of Lloyd Freeman?

ANSWER: $620.00.

From a judgment entered on the verdict, the County appealed.

*Thomas G. Foster, Jr., Assistant County Attorney, and Miles & Daisy, by William L. Daisy, for third-party plaintiff appellant Board of Commissioners of Guilford County.*

*Wyatt, Early, Harris, Wheeler & Hauser, by William E. Wheeler, for third-party defendant appellee Lloyd S. Freeman.*

HEDRICK, Judge.

[1]  The County first assigns as error the trial court's denial of its motion for partial summary judgment. The County contends that G.S. § 67-13 imposes absolute liability on the dog owner and provides a scheme of indemnification whereby it is entitled to recover from him the amount it paid to the claimant. It also contends that because Freeman was impleaded as a third-party defendant pursuant to Rule 14(a) in the first trial between the claimant and the County and "was, only by error, dismissed [that] he was bound by the jury's verdict in the prior action."

In *Heath v. Board of Commissioners, supra,* the Court held:

To the limit of monies arising from the tax on dogs, G.S. 67-13 imposed absolute liability on the county for injury and destruction caused by a dog and on the dog owner, who is required to reimburse the county "to the amount [it] paid out" for such damage. *See Board of Commissioners v. George,* 182 N.C. 414, 109 S.E. 77 (1921).

292 N.C. at 373, 233 S.E. 2d at 891-892.

In speaking of the dog owner's liability to the County, the Court stated:

The purpose of this statute was not to relieve the dog owner of liability or to make the county an insurer for the behavior of dogs with known and solvent owners. The same statute which granted a cause of action in the dog's victim also granted a cause of action in the county against the dog owner. The two are indissoluble parts of an entire plan, the purpose of which was to make dog owners insurers of the good behavior of their animals.

*Id.* at 377, 233 S.E. 2d at 894.

The issue of the dog owner's liability to the County, however, is a separate question from that of the County's liability to the claimant. In order to establish the dog owner's liability, the County must prove (1) that Freeman is the owner of the dog that inflicted injury on the claimant, and (2) that the County has paid the claim. Again quoting from *Heath:* "[T]he county could not have sued Freeman independently of Heath's suit unless it had first paid his claim. Nor could the county collect from Freeman in this consolidated suit until *both* had been found liable and the county had paid the judgment." (Emphasis added.) *Id.* at 377, 233 S.E. 2d at 893.

In support of its motion for partial summary judgment, the County filed one affidavit, and the only fact established by this affidavit was that Freeman was "the owner of the dog alleged to have inflicted the injuries incurred by the plaintiff in this action." The trial court properly denied the County's motion for partial summary judgment, since there were material issues of fact remaining that required trial, *viz.*, whether Freeman's dog was the one that inflicted injuries on the claimant, whether the County has paid the claim, and what amount of damages the County was entitled to recover from Freeman.

[2]   With regard to the issue of damages, the County argues that once the liability of the dog owner to the County is established, then, by virtue of either G.S. § 67-13 or Rule 14(a), he is automatically liable for the amount of damages awarded to the claimant in the first action against the County. In our opinion, the third-party defendant in this case was entitled to have a jury determine not only his liability, but also the amount thereof.

The general rule is that a person who was once a party to an action, but has been dismissed from it, is not bound by a judgment entered therein after he ceased to be a party. *State ex rel. Northwestern Bank v. Fidelity and Casualty Co.*, 268 N.C. 234, 240, 150 S.E. 2d 396, 401 (1966). Rule 14 does not alter this general rule, particularly where the third-party defendant has not had an opportunity to contest the determinations made in the main action. *See* 3 Moore's Federal Practice ¶ 14.13, at 331 (1978). Rule 14(a) permits a defendant to implead "a person not a party to the action who is *or may be* liable to him for *all or part* of the plaintiff's claim against him." (Emphasis added.) It does not follow

Heath v. Board of Commissioners

that a person who has been impleaded is automatically liable for the entire amount of the judgment in the main action.

Furthermore, the alleged dog owner is not, by virtue of the provisions of G.S. § 67-13, automatically liable for the full amount paid to the claimant. In *Board of County Commissioners v. George, supra,* the North Carolina Supreme Court held:

> [T]he amount awarded the claimant is not an estoppel upon the owner of the dog. The latter's right of trial by jury is not denied . . . The sentence, "He shall reimburse the County to the amount paid out for such injury or destruction," imports, not that the defendant is bound by the freeholder's award, but that the commissioners shall not in any event recover more than the amount paid to the claimant.

182 N.C. at 418, 109 S.E. at 78. Consequently the amount of Freeman's liability, like the liability itself, cannot be determined without him being a party.

[3]  The County next assigns as error the trial court's granting of the motion in limine. For the reasons previously discussed, the third-party defendant was not bound by the prior adjudication of the third-party plaintiff's liability, and thus the judgment and award in the earlier action was not relevant to the issue of Freeman's liability to the County, except as a maximum limitation on his liability. The introduction into evidence of the prior judgment would have had an obvious prejudicial effect as to Freeman. The trial judge's action in granting the motion was therefore proper.

[4]  Finally, the County contends the trial judge erred by not granting its motion for a continuance made prior to trial. Such motions are addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of a manifest abuse of discretion. *O'Brien v. O'Brien,* 266 N.C. 502, 146 S.E. 2d 500 (1966); *State v. Edwards,* 27 N.C. App. 369, 219 S.E. 2d 249 (1975); *Wood v. Brown,* 25 N.C. App. 241, 212 S.E. 2d 690 (1975). From the record, it appears that the case was not tried until nearly nine months after it was remanded for further proceedings, that no objection to the calendaring of the case for trial was made by the County, that the grounds for the motion were that one of the County's witnesses, Dr. Ingram, would be

unavailable at trial, and that the parties stipulated that his testimony from the earlier trial could be read into the evidence. In light of the above, we cannot say that the trial judge abused his discretion in denying the County's motion.

No error.

Judges VAUGHN and CLARK concur.