[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This collection case presents an issue of collateral estoppel. For the reasons explained below, collateral estoppel cannot be established on the evidence before me.
The evidence shows that the defendant, David Owens ("Owens"), was injured in an accident at a Stop Shop ("Stop Shop") store in Hamden in 1992. Owens subsequently received chiropractic treatment from Dr. William C. Deangelo ("Deangelo") for his injuries. Deangelo treated him over 60 times. CT Page 10071
In 1993, Owens commenced a personal injury action against Stop Shop. Owens v. Stop Shop Companies, Inc., No. 361451 (N.H.J.D.). The case was tried to the court (DeMayo, J.). On March 8, 1996, Judge DeMayo filed a written decision finding Stop Shop liable for Owens' injuries. In the portion of his opinion discussing damages, however, Judge DeMayo leveled particular criticism at Deangelo, who had appeared as a witness in the case:
 On a more disturbing note is the accumulation of $13,510.94 in medical expenses for what cannot be described in any other way then [sic] as minor soft tissue injuries.
 The Court found the plaintiff's medical expert, a chiropractor, less than candid and does not feel he was justified in seeing this plaintiff 60 times for such injuries.
Slip op. at 4. Judge DeMayo ultimately awarded Owens $18,000 in damages. The economic and noneconomic components of this award were not described. Id. There is, consequently, no way to determine what portion, if any, of Deangelo's bill Judge DeMayo found to be fair and reasonable.
Deangelo's professional corporation, William C. Deangelo, D.C., P.C. (the "P.C."), commenced this action against Owens and his spouse, Beverly Owens ("Beverly"), in 1997. The P.C.'s complaint is in two counts. The first count alleges breach of contract against Owens. The second count proceeds against Beverly pursuant to Conn. Gen. Stat. § 46b-37. The case was tried to the court, with the defendants appearing pro se, on September 11, 1998.
Deangelo testified that he treated Owens over 60 times between 1992 and 1994. He further submitted documentation that his bill had been partly paid by insurance carriers and a portion of the damages award in the Stop Shop case, but that a balance of $2,310.79 remains unpaid. He also submitted a "Patient Authorization" signed by Owens on April 24, 1992, prior to the commencement of the medical services in question. The Authorization states that, "I fully understand that I am directly responsible to the [P.C.] for all professional services submitted and agree to fully satisfy the bill for professional services rendered."
The evidence additionally establishes that Beverly was married to Owens throughout the period in which medical services CT Page 10072 were provided. Although the Owens have subsequently divorced, they were living together at all times in question here.
Owens' defense rests on the 1996 decision of DeMayo, J. In Owens' opinion, Judge DeMayo's decision establishes that Deangelo's bill in this matter is unreasonable. But while Judge DeMayo's opinion unquestionably causes eyebrows to be raised, it was delivered in a case in which Deangelo was a witness rather than a party. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment inpersonam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."Hansberry v. Lee, 311 U.S. 32, 40 (1940). The doctrine of collateral estoppel is broader than that of res judicata. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). The historical requirement of mutuality of the parties "has...been widely abandoned as an ironclad rule." Labbe v.Hartford Pension Commission, 239 Conn. 168, 186, 682 A.2d 490
(1996). Nevertheless, collateral estoppel is appropriately applied to a nonparty only when that nonparty had control over the litigation that is invoked as binding. See Montana v. UnitedStates, supra, 440 U.S. at 154; Restatement (Second) of Judgments
§ 39 (1982).
"The measure of control by a nonparty that justifies preclusion cannot be defined rigidly. The question is essentially a matter of fact, to be determined by looking for that measure of `practical control' that makes it fair to impose preclusion." 18 Charles Alan Wright, Arthur R. Miller Edward Cooper, FederalPractice and Procedure § 4451 at 429-30 (1981). (Footnotes omitted.) "The controlling participant...must have the right to introduce evidence, examine witnesses, and appeal if appeal lies. It is not sufficient that he participated as a witness."Developments in the Law — Res Judicata, 65 Harv. L. Rev. 818, 856 (1952).Accord 18 Federal Practice Procedure, supra, § 4451 at 432-33. A mere witness has no control over a litigant's claim and cannot be estopped by a decision in a case in which he testifies. Elliott v. Brown, 569 P.2d 1323, 1328 (Alaska 1977);State ex rel. Northwestern Bank v. Fidelity Casualty Co.,150 S.E.2d 396, 402 (N.C. 1966). For these reasons, Deangelo is not bound or collaterally estopped by the 1996 decision of DeMayo, J. CT Page 10073
Owens has presented no further defense to the claim against him. The case must be decided solely on the evidence now before me. That evidence is far more sketchy than the evidence before DeMayo, J. It is clear, however, that Owens signed an agreement to "fully satisfy" Deangelo's bill prior to receiving the services in question. It must be remembered that this is an action in contract rather than tort. The evidence fails to establish that Deangelo's bill is unreasonable. Based solely on the record before me, which, as just mentioned, is more limited than the record before DeMayo, J., I cannot find Deangelo's bill to be unreasonable.
For the reasons set forth above, Judgement must enter for the plaintiff on the first count in the amount of $2,310.79. Judgement must also enter for the plaintiff in the same amount on the second count. Conn. Gen Stat. § 46b-37(b)(1).
Jon C. Blue Judge of the Superior Court