BURNETT v. SEVENTH STREET PRODUCE COMPANY.

Opinion delivered March 14, 1932.

R. E. Rison and Lewis Rhoton, for appellant.

Verne McMillen, for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee to recover damages for injuries received to his shoulder and back through the alleged negli-

gence of appellee's truck driven, with whom he was riding by permission of appellee. Two separate acts of negligence were alleged as follows: That at the time of the injury the truck was being driven at a reckless, negligent and dangerous rate of speed; and that the driver failed to sound any alarm before trying to pass a truck traveling in the same direction, in violation of paragraph "B," § 12 of act 223 of the Acts of 1927.

Each allegation of negligence was denied, and the cause was submitted upon the pleadings, testimony and instructions of the court, resulting in a dismissal of appellant's complaint, from which is this appeal.

Appellant's main contention for a reversal of the judgment is that the right to recover was limited by instruction No. 8, given by the court at the instance of appellee, to the sole issue whether appellee's driver failed to blow the horn when attempting to pass the truck in front of him. Appellee admits this was the effect of the instruction, but attempts to justify it upon the ground that there was an entire failure of any substantial evidence upon which to submit the issue whether the driver was negligent in the rate of speed he was driving at the time of the injury. We cannot agree with appellee in this conclusion. When the driver passed the truck in front of him, he was traveling at a speed of thirty-five miles an hour and within a narrow space due to the load on the truck in front sticking over the left side. Appellant testified that he requested the driver not to attempt to pass the truck in front, but that, without giving any signal, he attempted to do so and was forced into the ditch, where the truck they occupied turned over several times, injuring and rendering appellant unconscious. We think these facts sufficient to warrant a submission of the issue of whether appellee's truck was being driven at a reckless, negligent or dangerous rate of speed when attempting to pass the truck in front.

Appellant also contends for a reversal of the judgment because the court gave appellee's requested instruction No. 10, which is as follows:

"You are instructed that, before you can find for the plaintiff in this action, you must find that the driver of defendant's truck negligently attempted to pass the truck traveling in the same direction, and negligently failed to sound any alarm before trying to pass a truck traveling in the same direction, and, unless you so find, the court tells you that the plaintiff cannot recover, and you will find for the defendant."

The effect of this instruction was to tell the jury to find for appellee unless appellant established by the weight of the testimony both allegations of negligence set out in the complaint, whereas it was sufficient for him to establish either by a preponderance of the testimony.

This, as well as the first instruction referred to, was inherently wrong as applied to the facts and subject to a general objection. It was not necessary to point out either defect by specific objection as contended by appellee.

Appellant also contends that there was no evidence upon which to base instruction No. 6 given by the court at the request of appellee. The instruction objected to is as follows:

"You are instructed that it was incumbent upon the plaintiff to use reasonable care to avoid unnecessary aggravation of his injuries; and if you believe from the evidence that the plaintiff did not use reasonable care in following the advice of his physician, and if you further believe from the evidence that, because of his failure to observe such reasonable care, his collar-bone was deformed, then the court tells you that the plaintiff cannot recover in this action for such deformity."

The evidence relied upon by appellee in support of said instruction is as follows:

"Q. At that time you informed him (appellant) that he would have to have that kind of an operation, to have a proper union? A. No, sir, I told him at the time that it would be one that I thought advisable in

order to have proper position. Mr. Burnett asked me, if I thought we could get a union without an operation. I told him I thought we could, but that we would have a deformity. Q. You told him that to start with? A. Yes, sir. Q. And he didn't have you to perform that operation? A. No, sir, he said he would rather not have to be cut on if he didn't have to be. Q. And he would take the chances of the deformity? A. No, he didn't say he would take the chances of any deformity. Q. Did you tell him that he probably would have a deformity if he didn't do it A. Yes, sir, I told him that he might have a deformity; yes, sir. Q. And he didn't have you perform that operation? A. No, sir, he said he would rather not be cut on, if he didn't have to be. Q. And he said he would take the chances on the deformity? A. No, he didn't say he would take the chances of any deformity.''

This piece of evidence does not show that appellant was guilty of negligence in failing to follow the advice of his physician. The most it shows is that he did not want to submit to an operation unless it was absolutely necessary. The effect of this testimony was not as contended by appellee that appellant took the chance of a deformity rather than submit to an operation.

On account of the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.