QUEEN CITY COACH COMPANY v. FRANK BURRELL, D/B/A BURRELL BAKERY, AND MIDDLESEX MUTUAL FIRE INSURANCE COMPANY.

(Filed 4 February, 1955.)

**1. Judgments § 32—**

A final judgment on the merits rendered by a court of competent jurisdiction, in the absence of fraud or collusion, is conclusive of the rights and facts in issue as to the parties and their privies, as a universal rule of expediency, justice, and public tranquillity.

**2. Same—**

The term "privity," when used to describe persons barred by the doctrine of *res judicata,* means persons having mutual or successive rights to the same interests in property, and whose interests therefore have been legally represented at the previous trial.

**3. Same—**

The rule that a judgment ordinarily binds only parties and privies, is subject to an exception in favor of an employer, whose liability is purely derivative and dependent entirely upon the doctrine of *respondeat superior.*

**4. Same: Attorney and Client § 6—**

The fact that one of the attorneys representing the employer in an action against the third person tort-feasors had theretofore represented the employee in an action against the same defendants, does not import that such attorney was representing the employer in the former action, since the relationship of employer and employee in itself does not confer the power upon the one to represent or bind the other in litigation.

**5. Judgments § 32: Constitutional Law § 21—**

Every person is entitled to his day in court to assert his own rights or defend against their infringement.

**6. Judgments § 32—**

In an action by the driver of a bus against the driver and owner of a tractor-trailer involved in a collision with the bus, judgment for defendants was entered on the verdict that the bus driver was not injured by the negligence of defendants. *Held:* The judgment does not bar a subsequent action by the owner of the bus against the owner of the tractor-trailer to recover for damages sustained by the bus in the same collision, since the two plaintiffs are not in privity and the principle of mutuality is lacking.

**7. Automobiles § 8g—**

The mere skidding of a motor vehicle does not imply negligence.

**8. Automobiles § 18h (2)—Evidence held sufficient for jury on question of whether skidding of vehicle was result of negligence.**

Plaintiff's bus and defendant's tractor-trailer, traveling in opposite directions, collided. Evidence favorable to plaintiff tended to show that the road was wet and slippery, that as plaintiff's bus, traveling between 25 and 30 miles per hour, approached a long, sweeping curve to its right, the bus driver saw the tractor-trailer approaching and slowed his bus so that the tractor-trailer could clear the curve before the bus entered it, and that as the tractor-trailer, traveling between 35 and 45 miles an hour, got within 20 feet of the bus, the trailer jackknifed or skidded around on the bus' half of the road, resulting in the collision. *Held:* The evidence tends to show that the skidding of the trailer was the result of the negligence of its driver in traveling at a speed greater than was reasonable and prudent under the conditions then existing, and defendants' motion to nonsuit was properly denied.

**9. Negligence § 19c—**

A judgment of involuntary nonsuit on the ground of contributory negligence will not be granted unless the evidence on that issue is so clear that no other conclusion seems to be permissible.

**10. Automobiles § 18h (3)—**

In this action by the owner of a bus to recover for damages to the bus resulting from a collision with a tractor-trailer, the evidence *is held* not to show contributory negligence as a matter of law on the part of the bus driver, and denial of defendants' motion for involuntary nonsuit was proper.

**11. Negligence § 20—**

An instruction which charges in effect that defendant must satisfy the jury by the greater weight of the evidence that plaintiff was guilty of all of the acts of negligence relied upon before the jury should answer the issue of contributory negligence in the affirmative, must be held for prejudicial error.

APPEAL by defendants from *Rudisill, J.,* June Term 1954 of MECKLENBURG.

Civil action to recover damages for injury to a bus owned by plaintiff and driven by its employee, J. J. Canipe, in furtherance of its business, allegedly caused in a tractor-trailer and bus collision by the actionable negligence of Frank Burrell, doing business under the trade name of Burrell Bakery.

The defendant Burrell on 4 December 1951 answered denying negligence, pleading contributory negligence, and setting up a counter-claim for damage to his trailer.

The plaintiff procured an order making the Middlesex Mutual Fire Insurance Company a defendant on account of the defendant Burrell's counter-claim, because the Insurance Company had a $250.00 deductible policy of collision insurance on the tractor-trailer of Burrell.

The plaintiff filed an amended reply alleging contributory negligence on the part of the defendant Burrell.

On 5 October 1953 the defendant Burrell filed a plea in bar to plaintiff's action alleging it was *res judicata,* based on the following facts: In January 1952 J. J. Canipe, the driver of plaintiff's bus at the time of the collision complained of in the instant case, instituted an action against Burrell, the defendant herein, and M. A. Dennis, his driver, in the Superior Court of Burke County to recover damages for personal injuries in the collision allegedly caused by the actionable negligence of Burrell. The defendants Burrell and Dennis answered denying negligence and pleading contributory negligence. This action was tried at the March Term 1953 of the Superior Court of Burke County before a judge and jury, and the jury found by its verdict that Canipe was not injured by the negligence of the defendants. Judgment was entered on the verdict. Canipe did not appeal, and the time for appealing has expired. Judge Rudisill overruled the plea in bar, and the defendants excepted.

Appropriate issues were submitted to the jury. The jury found by its verdict that the plaintiff's bus was damaged by the negligence of the defendant Burrell, as alleged; that the plaintiff was Not Guilty of contributory negligence, and awarded damages; and left unanswered the issues on the defendants' counter-claim.

Judgment was entered in accord with the verdict, and the defendants appeal.

*John F. Ray and Shearon Harris for Plaintiff, Appellee.*

*Brown & Mauney, Helms & Mulliss, James B. McMillan, and John D. Hicks for Defendants, Appellants.*

PARKER, J. The defendants assign as error the overruling of the plea in bar.

Plaintiff's bus at the time of the collision was operated by J. J. Canipe, the plaintiff's employee, in furtherance of plaintiff's business. Canipe brought a suit against the defendant Burrell, defendant in this action, and his truck driver, for personal injuries. The case was tried in Burke County Superior Court, and resulted in a verdict that Canipe was not injured by the negligence of the defendants. Final judgment was entered upon the verdict. Canipe did not appeal, and the time for appealing has expired.

The defendants contend that the judgment in Canipe's action in Burke County is *res judicata* as to plaintiff's action here for damages to its bus in the same collision.

The doctrine of *res judicata* is a principle of universal jurisprudence, forming a part of the legal systems of all civilized nations as an obvious

rule of expediency, justice and public tranquillity. *Evers v. Williams,* 43 Ohio App. 555, 184 N.E. 19. That principle is concisely stated in 30 Am. Jur., Judgments, p. 908 : "Briefly stated, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

This Court said in *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570 : "Generally, to constitute a judgment an estoppel there must be identity of parties, of subject matter and of issues. *Hardison v. Everett,* 192 N.C. 371, 135 S.E. 288. It is a principle of elementary law that the estoppel of a judgment must be mutual, and 'ordinarily the rule is that only parties and privies are bound by a judgment.' *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321; 116 A.L.R. 1083. When used with respect to estoppel by judgment, 'the term "privity" denotes mutual or successive relationship to the same rights of property.' Greenleaf on Evidence, Redfield Ed., Vol. 1, Sec. 189, p. 216."

"And in the case of *McMullin v. Brown,* 2 Hill Eq. 457, the trial judge whose decree was affirmed said : 'And I understand by the term privy, when applied to a judgment or decree, one whose interest has been legally represented at the trial.' " *First Nat. Bank v. U. S. F. & G. Co.,* 207 S.C. 15, 35 S.E. 2d 47. To the same effect see : 50 C.J.S., Judgments, p. 325 ; 30 Am. Jur., Judgments, p. 957.

". . . a party will not be concluded, against his contention by a former judgment, unless he could have used it as a protection, or as the foundation of a claim, had the judgment been the other way . . ." 50 C.J.S., Judgments, p. 293 ; *Leary v. Land Bank, supra; Meacham v. Larus & Bros. Co.,* 212 N.C. 646, 194 S.E. 99.

To the rule that a judgment ordinarily binds only parties and privies there is an exception "in favor of the master whose liability is purely derivative and dependent entirely upon the doctrine of *respondeat superior." Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; *Leary v. Land Bank, supra; Good Health Dairy Products, Inc., v. Emery,* 275 N.Y. 14, 9 N.E. 2d 758, 112 A.L.R. 401, Anno. p. 404.

"The rule appears to be quite well established that a judgment for the defendant in an action growing out of an accident is not *res judicata,* or conclusive, as to issues of negligence and contributory negligence, in a subsequent action based on the same accident and brought against the same defendant by a different plaintiff." Anno. 133 A.L.R., p. 185 IIIa. See also : *Meacham v. Larus & Bros. Co., supra; Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321 (Adverse judgment against minor in action by

COACH CO. *v.* BURRELL.

minor, brought by father as next friend, held not to bar action by father to recover for loss of services of minor).

The great weight of authority seems to be that a judgment for the plaintiff in an action growing out of an accident is not *res judicata,* or conclusive as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident by a different plaintiff against the same defendant. *Tarkington v. Printing Co.; Dunston v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; Anno. 133 A.L.R., p. 185 IIIb.

"It is well established that an adjudication unfavorable to a wife in an action by her for personal injuries is not *res judicata,* or conclusive, as to negligence or contributory negligence, in an action by her husband for loss of services or *consortium* because of such injuries, there being no privity between the respective plaintiffs." 133 A.L.R. 199, where cases are cited.

The only evidence in the Record of the trial of Canipe's action in Burke County is the Complaint, Answer and Judgment. There is no allegation in the plea in bar that plaintiff here had anything to do with Canipe's case in Burke County, nor any evidence to that effect. It is true that one of plaintiff's lawyers here represented Canipe in his case in Burke County. However, that mere fact is no evidence that this lawyer was representing plaintiff here in the trial of Canipe's case. "The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation." *Pesce v. Brecher,* 302 Mass. 311, 19 N.E. 2d 36.

It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement. The parties are not identical. The present plaintiff was not a party to Canipe's action in Burke County. It had no control over the conduct of Canipe's trial; it could not cross-examine opposing witnesses, or offer witnesses of its own choice. The alleged rights of Queen City Coach Company and J. J. Canipe were entirely separate and distinct. Queen City Coach Company's cause of action is for property damage; Canipe's for personal injuries. Neither could assert them in whole or in part for or in the name of the other. *Meacham v. Larus & Bros. Co., supra;* Anno. 133 A.L.R., p. 185a; G.S. 1-57, "Actions must be prosecuted in the name of the real party in interest . . ."

The exact question raised by the plea in bar does not seem to have been presented to this Court before for decision. Counsel for the parties in their briefs have cited no case presenting the same or substantially the same facts, and no text writer discussing the exact question.

Similar facts to the case here were presented in *Gentry v. Farruggia,* 132 W. Va. 809, 53 S.E. 2d 741. In that case Chester Gentry sued

COACH CO. *v.* BURRELL.

Charles Farruggia to recover damages for personal injuries suffered by Gentry when a taxicab owned by Joe Bengey and driven by Gentry collided with a truck owned and operated by Farruggia. Farruggia filed a special plea alleging that at the May Term 1948 of the Circuit Court of Raleigh County, a verdict was returned and judgment entered in his favor in an action brought by Joe Bengey against him, in which Bengey sought to recover for property damage to the vehicle owned by him, and damaged in the same collision. The plea alleged that Gentry, as the agent, servant and employee of Joe Bengey, was driving the taxicab at the time and place of the same collision alleged by Gentry to have given rise to his right of action and alleged by Bengey in the former action as ground for his recovery. The Circuit Court sustained the defendant's plea of *res judicata,* and certified to the Supreme Court of Appeals this question: "Is the final judgment in favor of the defendant in the case of *Joe Bengey v. Charles Farruggia* heretofore rendered in the Circuit Court of Raleigh County a bar to the right of the plaintiff in this case to maintain this action?" The Supreme Court of Appeals answered the question No, and reversed the order of the Circuit Court. The rationale of the Court is: the relationship between Gentry and Bengey does not create privity of interest; and second "that the plea fails because the alleged circumstances preclude the idea of mutuality which is a necessary element of the doctrine sought to be applied"; that plaintiff would not be entitled to a judgment based upon the mere proof of a recovery by Bengey in his action, if he had recovered; and that "both litigants must be alike concluded, or the proceeding cannot be set up as conclusive upon either."

This question was presented for decision in *Philadelphia Auburn-Cord Co. v. Shockcor,* 133 Pa. Super. 138, 2 A. 2d 501: "Does a judgment against the president of a corporation individually, in his action for personal injuries, bar a subsequent action by the corporation for the property damage it sustained in the same accident?" In the municipal court of Philadelphia County there had been a judgment on a verdict for plaintiff for the sum of $925.23. Defendant appealed. The Court said in a Per Curiam opinion: "The case is ruled in principle against the appellant by the decision of the Supreme Court in *Woodburn v. Pennsylvania Railroad Co.,* 294 Pa. 174, 144 A. 93. The court, in a per curiam opinion, there said: 'Though the same defendant figures in both cases, yet, since the record tendered as evidence involved an issue pending between a plaintiff other than the one now at bar, the mere fact that the injury to both plaintiffs occurred in the same accident, and that the present plaintiff appeared as a witness for the other plaintiff, would not make the judgment for defendant in such other suit *res judicata* in this suit. *Walker v. Philadelphia,* 195 Pa. 168, 173, 174, 45 A. 657, 78 Am. St. Rep. 801;

*Siegfried v. Boyd,* 237 Pa. 55, 58-60, 85 A. 72.' On the authority of the *Woodburn Case,* the judgment is affirmed."

In Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 9, p. 113, it is said: "A judgment against an employee or agent in his suit for injuries sustained in an automobile accident does not, necessarily, bar a subsequent action by the employer or principal for property damage to an automobile in the same accident." The above Pennsylvania Case is cited as authority for the statement.

In *Pesce v. Brecher, supra,* the third headnote in 19 N.E. 2d 36 correctly states the decision of the Court: "A truck driver was not estopped from suing motorist for injuries sustained in collision, by reason of judgment against driver's employer in prior action instituted by motorist against employer for property damages caused by collision, where driver was not a party to prior action, notwithstanding that driver testified as a witness in prior action." The Court in its opinion said: "The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party. . . . That the plaintiff testified as a witness in the former action is immaterial. . . . The essential elements of an estoppel by judgment are lacking, citing authorities."

A case involving the same principle of law is *Elder v. New York & P. Motor Express,* 284 N.Y. 350, 31 N.E. 2d 188, 133 A.L.R. 176. The first headnote in A.L.R. correctly summarizes the decision. It is: "A judgment in consolidated actions between trucking companies, each company having brought suit against the other independently to recover for property damage based on alleged negligence resulting in a collision between two trucks, is not *res judicata* in a subsequent action by the driver of one of the trucks to recover for personal injuries against the trucking company against which judgment in the first action had been entered." The Court said in the close of the opinion: "In the case at bar plaintiff was one of the two principal actors in the collision and his right to recover has not been adjudicated in the previous action. The proposed abrogation of the rule of mutuality would seem to lead to a complete abrogation of the rule, even if the new exception now urged upon us should be confined to that class of cases where the defendant has been a plaintiff in the prior action."

The defendants rely principally upon this *quaere* in *Stansel v. Mc- Intyre,* 237 N.C. 148, 74 S.E. 2d 345: "Hence, if it be found that the automobile in question was owned and maintained by James H. Austin, and was being operated by Mrs. Austin, all within the family purpose doctrine, *quaere,* is he, James H. Austin, under the principle of *respondeat superior,* estopped by the judgment on the verdict in the Scotland County

cases in respect to the issues on which original defendants now seek contribution from Mrs. Austin? Compare *Leary v. Land Bank, supra."* The defendants McIntyre and Adcox invoked the aid of G.S. 1-240 to determine and enforce contribution against Mrs. Austin and her husband. Prior to the institution of the Stansel action, McIntyre and Adcox had sued Mrs. Austin in Scotland County to recover damages for property damage and personal injuries, respectively, arising out of the same collision in which the person for whom Stansel is administrator was killed, and Mrs. Austin had filed a counterclaim for damages for her personal injuries. The trial in Scotland County resulted in a verdict that Mrs. Austin was Not Guilty of negligence in injuring and damaging McIntyre and Adcox, that Mrs. Austin was injured by the negligence of McIntyre and Adcox, but that she was guilty of contributory negligence. Judgment was entered on the verdict. On appeal no error was found in the trial. 235 N.C. 591, 70 S.E. 2d 837. The question asked by this Court does not relate to the plaintiff Stansel. It relates solely to the defendants. Mrs. Austin had a complete trial of her case under her management in Scotland County. It would seem that Mr. Austin should not have a second opportunity to prove the same facts which his wife failed to prove the first time in the trial in Scotland County. It would appear that if the jury answered the issues in Stansel's favor, that as between McIntyre and Adcox and Mr. & Mrs. Austin the judgment that Mrs. Austin was guilty of contributory negligence would as to Mr. Austin call for the application of the principle of derivative liability, though he was not a party to the case in Scotland County. Anno. 133 A.L.R., p. 192 VII. The facts to which the *quaere* relates are the converse of the facts in *Leary v. Land Bank, supra,* but would seem to call for the application of the principle of law therein decided. In the *Stansel Case* the plaintiff there had had no previous opportunity to prove her case. This *quaere* concerns principles of law entirely different from the question for our decision as to defendants' plea in bar here.

The defendants admit in their brief that the plaintiff here is not in privity with J. J. Canipe. The facts alleged in the plea in bar preclude the principle of mutuality. The facts do not come within an exception to the rule of mutuality. The essential elements of *res judicata* are lacking. The trial court was correct in overruling the plea in bar. The plaintiff here has a right to its day in court. If plaintiff ultimately makes a recovery, it would present no more than a case of contrary verdicts by different juries and opposing judgments. See *Tarkington v. Printing Co.; Dunston v. Printing Co., supra,* p. 358.

Defendants next assign as error the trial court's denying their motion for judgment of nonsuit. The evidence favorable to plaintiff tended to show these facts: Shortly after 4:00 a.m. on 15 September 1951 Canipe

was driving its bus, containing 5 passengers, on Highway No. 70. He was going to Asheville, which was West. The bus, about 3 miles West of the Town of Cleveland, was going down a slight grade at a speed of between 25 and 30 miles an hour. It had been raining hard, but the rain had slowed down. The road was very slick when wet, because the rain had washed the gravel and rock off the road so there was little gravel in the tar. That was the reason for the slow speed of the bus. Defendant's tractor-trailer was traveling East on this road, and meeting the bus. Defendant's driver testified he traveled frequently over this road delivering bread, and that it was a pretty slick road. That as the bus approached a long, sweeping curve to its right, Canipe saw the tractor-trailer coming around this curve meeting him. Canipe slowed his bus still more so the tractor-trailer could clear the curve before he entered it. The tractor-trailer prior to the impact was traveling approximately between 35 and 45 miles an hour. When the bus got within 20 feet of the front of the tractor-trailer, the trailer part came around on the bus' half of the road. Canipe had moved over to his right as far as he could, until he could feel his right wheels dropping off on the shoulder of the road, which was the North side of the road. The trailer jackknifed into the bus. That tracks, apparently made by the tractor-trailer, were in plaintiff's traffic lane.

The mere skidding of a motor vehicle does not imply negligence. *Mitchell v. Melts*, 220 N.C. 793, 18 S.E. 2d 406; *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251. However, considering the evidence in the light most favorable to the plaintiff, there was evidence tending to show that the skidding of the trailer was the result of the negligence of the defendant Burrell's driver in driving the tractor-trailer carelessly and heedlessly, at a speed greater than was reasonable and prudent under the conditions then existing, and on the wrong side of the highway. That evidence makes it a case for the jury. *Waller v. Hipp*, 208 N.C. 117, 179 S.E. 428; *Williams v. Thomas*, 219 N.C. 727, 14 S.E. 2d 797.

The defendants contend that the plaintiff by its own evidence established contributory negligence of its bus driver, and cannot recover. A judgment of involuntary nonsuit on the ground of contributory negligence will not be granted, unless the evidence on that issue is so clear that no other conclusion seems to be permissible. *Singletary v. Nixon*, 239 N.C. 634, 80 S.E. 2d 676. In our opinion, from a study of the evidence, such contention is without merit.

We have refrained from stating the evidence fuller, because there must be a new trial for error in the charge. The evidence offered by the defendant required the submission of an issue of contributory negligence. The defendants assign as error this part of the charge: "If the defendant has satisfied you from the evidence and by its greater weight that the plaintiff was operating his bus on Highway No. 70, and that while oper-

ating the same he failed to keep a proper lookout, failed to have his bus under control and did operate his bus on the wrong side of the center of said highway, and that he was operating his bus at an excessive rate of speed and that he did operate his bus so as to collide with the trailer operated by the defendant, this would constitute contributory negligence on the part of the plaintiff, and if the defendant has further satisfied you from the evidence and by its greater weight that such contributory negligence and collision combined and concurred with the defendant's negligent acts and contributed to the damage of the defendant as the proximate cause thereof as an element without which the damages to his trailer would not have occurred, the Court instructs you that it would be your duty to answer the second issue YES. If the defendant has failed to so satisfy you that the plaintiff was negligent, by the evidence and by its greater weight, you will answer that issue NO."

To find the plaintiff guilty of contributory negligence, the judge instructed the jury that the defendant must satisfy them that the plaintiff was guilty of *all* the acts of negligence enumerated as to it in the charge, whereas it was sufficient for defendant to satisfy the jury of either, when alleged and supported by evidence. *Burnett v. Seventh Street Produce Co.,* (Ark.), 47 S.W. 2d 38; *Rogers v. Mason,* (Ill. 1952), 104 N.E. 2d 354.

For error in the charge there must be a new trial, and it is so ordered. New trial.