MICHAEL COLIN KAYLER, PLAINTIFF, v. VICTOR TYSON GALLIMORE, DEFENDANT.

(Filed 3 February, 1967.)

**1. Judgments § 29—**

Where one of the parties to an action is dismissed therefrom prior to the entry of judgment adjudicating the rights as between the other parties he is not bound by the judgment therein. The fact that he is a witness in the trial of the action is immaterial upon the question of estoppel by judgment.

**2. Same—**

Only parties and those in privity with them are estopped by a judgment, and privity denotes a mutual or successive relationship to the same right; the relationship of principal and agent or master and servant does not create such privity; cases in which the principal or master is sought to be held liable solely on the doctrine of *respondeat superior* being exceptions to the rule that privity is required for estoppel by judgment.

**3. Same—**

Estoppel by judgment must be mutual, and a person not estopped by a prior judgment may not assert such prior judgment as an estoppel against another.

**4. Same;　Automobiles § 35—**

A driver of a vehicle seeking to recover for personal injuries in an action against the driver of the other vehicle involved in the collision may not assert that the adjudication of the issues of negligence and contributory negligence in favor of the owner in a prior action by the owner against the same defendant, was conclusive, leaving only the issue of damages to be determined, since plaintiff driver was not a party to the prior action and, not being estopped by the judgment, cannot assert it as an estoppel against defendant.

**5. Pleadings § 25;　Appeal and Error § 7—**

The Supreme Court on appeal may allow a party to amend so as to make his pleadings conform to the stipulations of the parties and the theory upon which the case was tried in the lower court, G.S. 7-13, Rule of Practice in the Supreme Court 20(4), but the Supreme Court will not allow an amendment which would not make the record conform to the facts developed on the trial but would present matter relating to a theory different from that upon which the trial court proceeded.

APPEAL by plaintiff from *Gambill, J.,* at the 9 May 1966 Civil Session of STANLY.

This is an action for personal injuries received by Kayler, the driver of an automobile owned by Edward Stewart, in a collision between it and the automobile of the defendant.

The case of *Stewart v. Gallimore,* 265 N.C. 696, 144 S.E. 2d 862, arose out of the same collision. In that action, Stewart, the owner of the automobile driven by Kayler, the present plaintiff, recovered

judgment for damage to his automobile, the jury having answered the issues of negligence and contributory negligence in his favor. That judgment was affirmed on appeal to this Court. In that action it was alleged and stipulated that the Stewart automobile was a family purpose car and was being driven by Kayler under circumstances such that any negligence by Kayler would be attributable to Stewart. Gallimore made Kayler a party defendant to the suit so brought by Stewart and filed a cross action against Kayler for contribution and Kayler filed a counterclaim for personal injuries against Gallimore. However, both the cross action and the counterclaim were dismissed by judgments of voluntary nonsuit so that, at the time of the verdict and the judgment thereon, Kayler was not a party to the *Stewart* case.

The present action was instituted and the complaint and answer were filed before the judgment in the *Stewart* case was rendered. In this action, the allegations of the complaint as to negligence by Gallimore and those of the answer as to contributory negligence by Kayler are substantially the same as those in the pleadings in the *Stewart* case.

In the present action, Kayler moved in the court below for a ruling that the issues of negligence and contributory negligence having been adjudicated in the *Stewart* case adversely to *Gallimore,* the only issue for determination by the jury in the present case is that of damages. From the denial of this motion Kayler appeals.

The motion sets forth the procedural history of the *Stewart* case, and the pleadings therein are attached to the motion as exhibits. The order denying the motion recites that the parties to this action agreed that the court might find these statements in the motion to be factually correct.

*D. D. Smith* and *Hobart Morton* for plaintiff appellant.
*Richard L. Brown, Jr.,* and *Charles P. Brown* for defendant appellee.

LAKE, J. The fact that Kayler was at one time a party to the suit between Stewart and Gallimore has no present significance. He was dismissed from that suit prior to the entry of the judgment upon which he now relies. The effect of that judgment upon the present action is, therefore, to be determined as if Kayler had never been made a party to the *Stewart* case. *Bank v. Casualty Co.,* 268 N.C. 234, 150 S.E. 2d 396. It is also immaterial to the determination of the question now before us that Kayler was a witness in the trial of the action brought by Stewart. Idem; *Meacham v. Larus & Brothers Co.,* 212 N.C. 646, 194 S.E. 99.

It is well settled that, ordinarily, one is not estopped by a judgment to relitigate issues of fact determined in the former action unless he was a party thereto or is a privy of a party thereto. *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167; *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321; *Meacham v. Larus & Brothers Co., supra.* It is equally well settled that, ordinarily, an estoppel by judgment must be mutual. Thus, a party to the subsequent action, who was not a party to the former action and, therefore, is not estopped by the judgment therein, cannot assert that judgment as an estoppel against his opponent, even though the opponent was a party to the action in which the judgment was rendered. *Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574; *Meacham v. Larus & Brothers Co., supra.*

Applying these principles, Parker, J., now C.J., speaking for the Court in *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688, said:

> "The great weight of authority seems to be that a judgment for the plaintiff in an action growing out of an accident is not *res judicata,* or conclusive as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident by a different plaintiff against the same defendant."

In *Meacham v. Larus & Brothers Co., supra,* a passenger in an automobile involved in a collision sued the owner of the adverse vehicle and its driver. The defendants pleaded, in bar of his right to recover, a judgment rendered in their favor in a suit by another passenger in the same automobile in which the plaintiff was riding. In holding that the second plaintiff was not estopped by the judgment in the former action to which he was not a party, even though he had testified as a witness therein, Schenck, J., speaking for the Court, said:

> "An estoppel must be mutual, *Peebles v. Pate,* 90 N.C. 348, and one who is not bound by an estoppel cannot take advantage of it, *LeRoy v. Steamboat Co., supra.* It is hardly supposed that had the issue as to the defendant Bivens' (the driver of the adverse vehicle) negligence been answered in favor of the plaintiff in Sedberry's (the former plaintiff) case, that the plaintiff Meacham could be heard to say that such answer was *res judicata* in the trial of his action."

In *Gentry v. Farrugia,* 132 W. Va. 809, 53 S.E. 2d 741, quoted with approval by this Court in *Coach Co. v. Burrell, supra,* the plaintiff, as here, sued for personal injuries sustained in an automobile

collision and the defendant pleaded in bar a judgment rendered in favor of the defendant in a former action brought by the owner of the automobile driven by Gentry. In denying the validity of the plea of *res judicata,* the West Virginia Court said the plea failed for lack of mutuality of the alleged estoppel since the plaintiff (the driver-agent) would not have been entitled to judgment based upon the mere proof that his employer (the owner of the automobile) had recovered damages in his action against the same defendant.

It is also well settled that the privity, which will create an estoppel by judgment against one not a party to the former action, denotes a mutual or successive relationship to the same right. *Masters v. Dunstan, supra; Light Co. v. Insurance Co., supra; Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570; *Rabil v. Farris, supra.* The relationship of principal and agent or master and servant does not create such privity.

It is true that a principal or master, sued for damages by reason of the alleged negligence of his agent or servant, may plead, in bar of such action, a judgment in favor of the agent or servant in a former action by or against the present plaintiff, which judgment establishes that the agent or servant was not negligent. *Leary v. Land Bank, supra.* This is not on the ground of privity between the agent or servant on the one hand and the principal or master on the other. This is an exception to the general rule above stated and arises out of the fact that the liability of the principal or master, if any, rests upon the doctrine of *respondeat superior. Coach Co. v. Burrell, supra; Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366.

*Coach Co. v. Burrell, supra,* was a suit by the principal-owner against the owner of the adverse vehicle. It was held that the defendant could not plead, in bar of the action, a judgment rendered in his favor in a former action brought by the driver-agent for personal injuries, the jury in such former action having found that the driver-agent was not injured by the negligence of the defendant. Again, in *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492, this Court held that the principal-owner is not estopped by a judgment obtained by the same plaintiff in a former action brought against the agent-driver, the principal-owner not having participated in the defense of the former action.

Clearly, had Gallimore prevailed in the suit brought against him by Stewart, such judgment would not estop Kayler, who was not a party to that case. Consequently, the judgment in favor of Stewart, in the former action, does not estop Gallimore from relitigating the issues of negligence and contributory negligence when sued by Kayler. "A party will not be concluded by a former judgment unless he could have used it as a protection, or as a foundation of a

claim, had the judgment been the other way." *Masters v. Dunstan,*
*supra.*

The plaintiff filed two motions in this Court. In the first, he re-
quests that he be allowed to file a reply alleging the facts concern-
ing the procedural history of the *Stewart* case, as contained in the
motion which he filed in the superior court and upon which that
court entered the order from which this appeal is taken. Those facts
were stipulated by the defendant in the superior court and the order
from which this appeal was taken was entered thereon. In order that
the pleadings may conform to such stipulation and to the theory
upon which the matter was presented to the trial court, we allow
this motion. G.S. 7-13; Rule 20(4) of the Rules of Practice in the
Supreme Court.

In the second motion, the plaintiff seeks permission to file an-
other reply. In the answer the defendant denies his own negligence
and pleads contributory negligence by the plaintiff. The proposed
reply would assert that each of these issues is *res judicata* by rea-
son of a judgment entered in the superior court in still another suit
arising out of this collision. That suit was brought on behalf of
Daisy Mae Hatley by her next friend against Gallimore, Miss
Hatley having been a passenger in the automobile driven by Kayler.
Kayler proposes now to allege in this second proposed reply: Galli-
more brought Kayler into the *Hatley* suit as an additional defend-
ant and filed a cross action against him for contribution; Kayler
filed an answer in the *Hatley* suit and asserted a counterclaim
against Gallimore; following our affirmance of the judgment in the
*Stewart* case, Kayler amended his answer in the *Hatley* case to
plead *res judicata,* as to the issues of negligence of Gallimore and
negligence of Kayler, on the basis of the judgment in the *Stewart*
case; he was permitted to do so and judgment was entered dis-
missing the cross action against Kayler on the ground that each
of these issues, as between Gallimore and Kayler in the *Hatley*
case, was *res judicata* by reason of the *Stewart* judgment; there-
upon, Kayler took a judgment of voluntary nonsuit as to his coun-
terclaim against Gallimore in the *Hatley* case. Thus, his present
motion before us is that he be permitted in the proposed reply now
to allege the procedural history and judgment in the *Hatley* case as
basis for his contention that the superior court erred in refusing to
order that the issues of negligence and contributory negligence in
his own suit against Gallimore are each *res judicata,* by reason of
the judgment in the *Stewart* case.

The effect of the judgment in the *Hatley* case upon the issues
now to be litigated in the present action was not presented to the
superior court and has not been passed upon by it, although it ap-

pears that the judgment in the *Hatley* case was entered by the superior court on the same day that it entered in this suit the order from which this appeal was taken.

With reference to a motion in this Court to amend the appellant's complaint, Walker, J., speaking for the Court in *Bonner v. Stotesbury*, 139 N.C. 3, 51 S.E. 781, said:

> "Plaintiff moved in this Court to amend his complaint. As the amendment would, perhaps, present a case substantially different from the one which was tried below and raise a question of law not involved in the present appeal, we could not allow the motion if in other respects we had the power to do so. * * * This Court undoubtedly has the power of amendment, but this is not a case which calls for its exercise."

In *Whitehead v. Spivey*, 103 N.C. 66, 9 S.E. 319, Merrimon, J., speaking for the Court, said:

> "The appellant seeks to help his cause of action and his case in this Court by introducing here, summarily, substantially a new cause of action, one that has arisen since this action began and since this appeal was taken. The defendant has had no opportunity to contest its application or bearing in this action. Indeed the effect of allowing the motion as to this Court might, probably would be, to recast the action in material respects, and allow the plaintiff to assign new grounds of error as to rulings never made in the court below. This could not be thought of for a moment."

In *Howard v. Insurance Co.*, 125 N.C. 49, 34 S.E. 199, Montgomery, J., speaking for the Court, said:

> "In this Court, a motion was made by the counsel of plaintiff to amend the complaint. * * * The amendment involved questions of fact and a matter of law entirely foreign to the case as made up on appeal, and it is on those accounts denied."

In *Manufacturing Co. v. Gray*, 126 N.C. 108, 35 S.E. 236, permission to amend in this Court was denied for the reason that the proposed amendment would not make the record conform to the facts developed on the trial, but would present the matter on a theory different from that upon which the trial court proceeded.

We, therefore, deny the motion for permission to file the proposed reply with reference to the judgment in the *Hatley* case. This action must now go back to the superior court for trial and the plaintiff may, if he be so advised, move that court, in its discretion,

to permit him to file such amendment or such further pleading as he deems proper.
Affirmed.