NO. COA13-1072

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

GRETCHEN J. PROPST,
    Plaintiff,

    v.

NORTH CAROLINA DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
    Defendant.

North Carolina
Industrial Commission
I.C. No.  TA-20853

Appeal by plaintiff from Order entered 18 May 2012 by the
North Carolina Industrial Commission.  Heard in the Court of
Appeals 20 February 2014.

> *Rabon Law Firm, PLLC by Charles H. Rabon, Jr., and Marshall
> P. Walker, for plaintiff-appellant.*

> *Attorney General Roy A. Cooper, III, by Special Deputy
> Attorney General Olga Vysotskaya, for the State.*

STROUD, Judge.

Gretchen Propst ("plaintiff") appeals from an order entered
18 May 2012 by the Full Commission granting summary judgment in
favor of the North Carolina Department of Health and Human
Services ("defendant"). We affirm.

## I.   Background

Plaintiff filed a claim for damages under the Tort Claims
Act on 9 September 2008. In that claim, she alleged that Dr.

Bruce Flitt, the Gaston County Medical Examiner, negligently failed to perform his duties as medical examiner on 11 September 2005 when he signed a Medical Examiner's Report ("ME Report") that stated he had examined the body of plaintiff's son and included several inaccurate statements regarding her son's body. The ME Report stated that plaintiff's son's body was warm when examined and that he had brown eyes. Plaintiff claimed that these statements caused her substantial emotional distress because her son's eyes were blue and she had been told by the funeral home that her son's body had been stored in a refrigeration unit. She worried that the body she and her family had buried may not have been that of her son.

When they exhumed the body, they discovered that it was in fact plaintiff's son, but that her son had not been dressed in the burial attire she chose. She alleged that this discrepancy shows that Dr. Flitt and his assistants never actually viewed or examined her son's body, in violation of their duties. Plaintiff claimed that the failure of Dr. Flitt and his assistants to perform their duties in examining her son's body caused her severe emotional distress and "post traumatic stress syndrome." She sought $200,000 in damages.

On 30 July 2010, defendant filed a motion for summary judgment, contending that plaintiff's claim was barred by collateral estoppel because plaintiff had previously filed a negligence action against Dr. Flitt in his official and individual capacities in superior court. The superior court had granted summary judgment in favor of Dr. Flitt on grounds of immunity and the public duty doctrine by order entered 28 April 2010. Plaintiff did not appeal from the superior court's order. Defendant attached the pleadings, motions, and order from the prior suit to its summary judgment motion. Defendant further argued that even if the prior determination by the superior court did not preclude the issue from being contested in the present suit, defendant owed plaintiff no individual duty under the public duty doctrine.

The summary judgment motion was heard by Deputy Commissioner Glenn on 16 August 2010. Deputy Commissioner Glenn entered an order on 6 July 2011 denying defendant's motion for summary judgment. Defendant appealed to the Full Commission on 6 July 2011. The Full Commission granted defendant's motion for summary judgment by order entered 18 May 2012. It concluded that plaintiff's claim was barred by collateral estoppel because the superior court had already determined that Dr. Flitt did not owe

plaintiff any individual duty. It further concluded that even if it were not barred, plaintiff's claim fails because she has failed to show that Dr. Flitt owed her an individual duty, distinct from his duty to the public. However, due to an apparent clerical error, the order was not served on plaintiff until 28 May 2013. Plaintiff filed written notice of appeal to this Court on 25 June 2013.

## II. Standard of Review

> The standard of review for an appeal from the Full Commission's decision under the Tort Claims Act shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them.

*Dawson v. N.C. Dept. of Environment and Natural Resources*, 204 N.C. App. 524, 527, 694 S.E.2d 427, 430 (2010) (citation and quotation marks omitted).

> Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion. The

standard of review for summary judgment is de novo.

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (citations, quotation marks, and ellipses omitted).

### III. Summary Judgment

The Industrial Commission granted summary judgment in favor of defendant because it concluded that plaintiff's claim was defeated by collateral estoppel and that Dr. Flitt did not owe any duty to plaintiff individually. Plaintiff argues that both of these conclusions were in error.

> Collateral estoppel applies when the following requirements are met: (1) the issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Urquhart v. East Carolina School of Medicine*, 211 N.C. App. 124, 128, 712 S.E.2d 200, 204 (citation and quotation marks omitted), *disc. rev. denied*, 365 N.C. 335, 717 S.E.2d 389 (2011).[1]

---

[1] There has been some confusion in recent years over whether the "mutuality of parties" and privity is still required or not. *See, e.g.*, *In re K.A.*, ___ N.C. App. ___, 756 S.E.2d 837 (2014) (No. COA13-972) (acknowledging the confusion over whether mutuality is still required or not). In any event, as discussed below, there is no dispute that there is sufficient identity of

> An issue is actually litigated, for purposes of collateral estoppel or issue preclusion, if it is properly raised in the pleadings or otherwise submitted for determination and is in fact determined. A very close examination of matters actually litigated must be made in order to determine if the underlying issues are in fact identical; if they are not identical, then the doctrine of collateral estoppel does not apply.

*Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 93 (2011) (citations, quotation marks, brackets, and footnote omitted).

Here, there is no dispute that the prior judgment was a final judgment on the merits,[2] that the issue of the public duty doctrine was actually litigated and decided in the prior suit, nor that there is sufficient identity of the parties.[3] However,

---

parties for collateral estoppel to apply here.

[2] The prior suit was resolved when the superior court granted summary judgment in favor of Dr. Flitt. "In general, a cause of action determined by an order for summary judgment is a final judgment on the merits." *Williams*, ___ N.C. App. at ___, 719 S.E.2d at 93.

[3] Plaintiff's claims against defendant here are premised on the alleged negligence of Dr. Flitt and those he supervised, imputed to defendant through *respondeat superior*. Therefore, a judgment in favor of Dr. Flitt on the negligence claims bars the same claims being brought against defendant, his employer. *See Urquhart*, 211 N.C. App. at 129, 712 S.E.2d at 204-05 (holding that collateral estoppel applied where the prior judgment involved the plaintiff's suit against the state employee in his individual capacity and the subsequent suit was brought under the Tort Claims Act); *Kayler v. Gallimore*, 269 N.C. 405, 408, 152 S.E.2d 518, 521 (1967) ("[A] principal or master, sued for damages by reason of the alleged negligence of his agent or

plaintiff argues that the superior court's determination on the public duty issue does not preclude her from contesting that issue in the present suit. She contends that because the superior court granted summary judgment both on the grounds of immunity and on the basis of the public duty doctrine, its determination of the duty issue was not *necessary* to its judgment, and therefore not entitled to preclusive effect.

The Restatement (Second) of Judgments supports plaintiff's position. The Second Restatement drafters comment that "[i]f a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." Restatement (Second) of Judgments § 27, cmt. i (1982). Nevertheless, plaintiff cites no North Carolina case adopting this rule, and we have found none. Other appellate courts around the country have split on whether to adopt this rule or the contrary rule from the First Restatement of Judgments, discussed below. *See*

servant, may plead, in bar of such action, a judgment in favor of the agent or servant in a former action by or against the present plaintiff, which judgment establishes that the agent or servant was not negligent."); *Bullock v. Crouch*, 243 N.C. 40, 42, 89 S.E.2d 749, 751 (1955) ("[I]f the judgment in the action against the servant had terminated in favor of servant, since the defendants' liability was only derivative, no action could have been sustained against the defendants.")

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 251 (3d Cir. 2006) (observing that "[t]here is no consensus among the courts of appeals as to whether the First or Second Restatement offers the better approach").

We decline to follow the approach of the Second Restatement as to this issue because it is incompatible with the doctrine of collateral estoppel as it has been applied in this state.[4] The Second Restatement drafters explain their decision to give neither basis of a judgment with alternative bases preclusive effect as follows:

> First, a determination in the alternative may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta. Second, and of critical importance, the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other one not even reached.

*Id.*

We are not convinced that these policy rationales justify a departure from the general rule that issues actually litigated

---

[4] The Restatements are persuasive, not binding authority, "[e]xcept as specifically adopted in this jurisdiction." *Hedrick v. Rains*, 344 N.C. 729, 729, 477 S.E.2d 171, 172 (1996).

and determined in a prior action preclude later relitigation of those issues. We have said that

> the prior judgment serves as a bar only as to issues actually litigated and determined in the original action. An issue is 'actually litigated,' for purposes of collateral estoppel or issue preclusion, if it is properly raised in the pleadings or otherwise submitted for determination and is in fact determined.

*City of Asheville v. State*, 192 N.C. App. 1, 17, 665 S.E.2d 103, 117 (2008) (citations, quotation marks, brackets, and emphasis omitted), *app. dismissed and disc. rev. denied*, 363 N.C. 123, 672 S.E.2d 685 (2009). Under the rule urged by plaintiff and the Second Restatement, the parties could fully litigate two issues, either of which could independently support the trial court's judgment, but neither of which would have preclusive effect in a later case. A party would be free to relitigate either issue in a future case.

The First Restatement of Judgments suggests the opposite conclusion. The drafters of the First Restatement noted that when there are multiple independent grounds for a trial court's judgment, "it must be said either that both are material to the judgment or that neither is material." Restatement (First) of Judgments § 68, cmt. n (1942). They observed that "[i]t seems

obvious that it should not be held that neither is material, and hence both should be held to be material." *Id.*

While this conclusion may not be *obvious*, as evidenced by the contrary conclusion in the later Restatement, we agree that both independent grounds of a prior judgment should have later preclusive effect, assuming all of the other elements of collateral estoppel are present. As the drafters of the Second Restatement recognized, "[t]he cases on this question of effect of alternative determinations are not numerous, and some are unclear in their rationale . . . . [T]he question is a close and difficult one." Restatement (Second) of Judgments § 27, Reporter's Note. To hold that a prior judgment is not preclusive on either ground on which it was based would undermine the entire purpose of the collateral estoppel doctrine, to "protect[] litigants from the burden of relitigating previously decided matters and promot[e] judicial economy by preventing needless litigation." *City of Asheville*, 192 N.C. App. at 17, 665 S.E.2d at 117 (citation and quotation marks omitted).

The illustration given by the drafters of the First Restatement explains why they came to this conclusion:

> A brings an action against B to recover interest on a promissory note payable to A, the principal not yet being due. B alleges that he was induced by the fraud of A to

> execute the note, and further alleges that A gave him a release under seal of the obligation to pay interest. The jury in answer to interrogatories finds that B was induced by A's fraud to execute the note, and also finds that A had given him a release under seal of the obligation to pay interest, and gives a verdict for B on which judgment is entered. After the note matures A brings an action against B for the principal of the note. The prior judgment is a defense to the action, since the finding that the execution of the note was procured by fraud is conclusive.

Restatement (First) of Judgments § 68, illus. 7. The Second Restatement uses this same illustration, but comes to the opposite conclusion. Restatement (Second) of Judgments § 27, illus. 15. Under the latter analysis, B would have had to relitigate the issue of fraud, as neither of the previous determinations would have preclusive effect. This result defeats the purpose of collateral estoppel previously discussed.

Additionally, this state's analysis as to what constitutes *dicta* supports the adoption of the rule of the First Restatement over that of the Second. The Second Restatement considered alternative grounds that support a judgment to be the equivalent of *dicta*. *See* Restatement (Second) of Judgments § 27, cmt. i. However, alternative, independent grounds for an appellate decision are not considered *obiter dicta* here. The Supreme Court has held that

> where a case actually presents two or more points, any one of which is sufficient to support decision, but the reviewing Court decides all the points, the decision becomes a precedent in respect to every point decided, and the opinion expressed on each point becomes a part of the law of the case on subsequent trial and appeal.

*Hayes v. City of Wilmington*, 243 N.C. 525, 537, 91 S.E.2d 673, 682 (1956).

Moreover, we are not convinced that the possibility that the trial court erroneously decided one of the multiple grounds relied on outweighs the interests of judicial economy and the prevention of unnecessary relitigation. Our Supreme Court has explained that the doctrine of collateral estoppel applies even if the prior judgment may have been error:

> To be valid a judgment need not be free from error. Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding *res judicata* and collateral estoppel effect in all courts, Federal and State, on the parties and their privies.

*King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973). Therefore, we hold that where a trial court bases its judgment on multiple independent grounds, each of which have been fully litigated, and that judgment has not been appealed, the trial court's determination as to every issue actually decided has preclusive effect in later litigation.

Here, all elements of collateral estoppel are present. First, the issues involved in the present action are the same as those in the prior action. The issue of whether Dr. Flitt owed a duty to plaintiff is vital to plaintiff's negligence claim against defendant here, as it was in her claim against Dr. Flitt. Second, the issue of whether the public duty doctrine defeated the duty element of plaintiff's negligence claim was raised and actually litigated in the prior action. In Dr. Flitt's answer, he specifically pled the public duty doctrine as a defense. Plaintiff specifically and extensively briefed the issue of the public duty doctrine in her memorandum in opposition to Dr. Flitt's summary judgment motion in the superior court action. Further, the superior court specifically noted that Dr. Flitt was "entitled to summary judgment based on the public duty doctrine." Third, the issue of whether Dr. Flitt owed a duty to plaintiff was material to deciding plaintiff's negligence claim against him. *See Ray v. North Carolina Dept. of Transp.*, 366 N.C. 1, 5, 727 S.E.2d 675, 679 (2012) ("Because the public duty doctrine says that there is a duty to the public generally, rather than a duty to a specific individual, the doctrine operates to prevent plaintiffs from establishing the first element of a negligence claim—duty to the

individual plaintiff."). Finally, as we held above, because the public duty doctrine was specifically relied on to support the trial court's judgment, and it alone could have supported the trial court's judgment, that issue was necessary and essential to the judgment.

We conclude that the superior court's summary judgment order collaterally estops plaintiff to contest the issue of the public duty doctrine. As a result, plaintiff cannot show that any duty was owed to her individually and her negligence claim against defendant must fail. *See Ray*, 366 N.C. at 5, 727 S.E.2d at 679. Therefore, we affirm the Industrial Commission's order granting defendant's motion for summary judgment.

## IV.  Conclusion

For the foregoing reasons, we conclude that plaintiff is precluded from contesting the issue of whether the public duty doctrine applies. Therefore, plaintiff cannot show that defendant or its employee, Dr. Flitt, owed her any individual duty and her negligence claim fails as a matter of law. We accordingly affirm the Full Commission's order granting summary judgment to defendant.

AFFIRMED.

Judges CALABRIA and DAVIS concur.